Donald M. KIDD, Petitioner.

v.

Ira M. COINER, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. 69–43–E.

United States District Court
N. D. West Virginia.

May 29, 1969.

No appearance for plaintiff.

Chauncey H. Browning, Jr., Atty. Gen. of West Virginia, Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner, now incarcerated in the West Virginia State Penitentiary at Moundsville under an order of conviction from the Common Pleas Court of Cabell County, West Virginia, applies for a federal writ of habeas corpus pursuant to 28 U.S.C.A. §§ 2241, 2254 (Supp. 1967).

Previous to filing his petition in this Court, it appears that Petitioner

presented comparable issues in an original petition for habeas corpus relief to the Supreme Court of Appeals of West Virginia wherein his petition was denied. Solely by this prior habeas corpus application, Petitioner claims to have exhausted his available state remedies as required by 28 U.S.C.A. § 2254 (Supp. 1967).

The statute, 28 U.S.C. § 2254, amended in 1966, relating to federal habeas corpus for state prisoners and dealing specifically with the requirement of exhaustion of state remedies, provides in part:

> (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Although the above quoted paragraphs of 28 U.S.C. § 2254, have been carried forward from the earlier existing statute, it is necessary to presently evaluate these provisions within the context of the amended habeas corpus statutes, particularly the amendments to this section. The intent of the amendments, as articulated by the Habeas Corpus Committee of the Judicial Conference of the United States and adopted by Senate Report No. 1797 of the 89th Congress, Second Session, is expressed in this language:

> Furthermore, we have revised the text of H.R. 1835, supra, in the form that it passed the House and was approved by the Judicial Conference, in certain particulars, in order to improve phraseology and to strengthen our purpose to provide for a qualified application of the doctrine of res judicata, to an extent we regard as needed and desirable to proceedings on applications for habeas corpus in the U. S. courts by persons in custody under judgments of State courts and by statutory enactment to create reasonable presumptions and fix the party on whom the burden of proof, as to certain factual issues, shall rest in such proceedings, but without the impairment of any of substantive rights of the applicant.
>
> It is the opinion of your committee that the proposed legislation, if enacted, will be a strong inducement to the States that have not already done so to provide adequate postconviction remedies and procedures and to make and keep available records of evidentiary matter in criminal and postconviction proceedings, and to the State courts in criminal proceedings to safeguard the constitutional rights of defendants. 1966 U.S. Code Cong. & Adm. News, pp. 3671–3672.

In addition to setting forth the requirement of exhaustion, the amended statute provides a procedure whereby the federal courts may review findings made by a state court, after the state court hearing on the merits of factual issues, without conducting a new hearing thereon. The obvious intent of 28 U.S.C. § 2254, when read in conjunction with all other statutory provisions relating to federal habeas corpus, is to encourage states to provide effective methods for hearing factual issues raised in habeas corpus and to require state habeas corpus applicants to fully utilize the state procedures, when available in the state, before seeking federal relief.

In Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 847, 9 L.Ed.2d 837 (1963), the Supreme Court discussed the exhaustion requirements within the context of the historical development of federal habeas corpus. The Court held

that, while exhaustion cannot be interpreted as a forfeiture doctrine, a habeas corpus applicant must exhaust state remedies "still open * * * at the time he files his application in federal court." This exhaustion requirement, the Court points out, deals with the appropriate exercise of the power of the federal courts to review state convictions and is based upon the doctrine of comity between courts of concurrent jurisdiction whereby the federal court, having the power to review a matter in habeas corpus, abstains from acting until the courts of the state, also having jurisdiction, have had an opportunity to pass upon the issues. Federal jurisdiction is not lost by this exhaustion requirement. An applicant's right to have the federal court pass upon the matter, should the state refuse to grant him relief, is in no way diminished by first seeking the remedies available in the state.

In Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963), the Supreme Court sets forth the consideration which may make the exercise of the federal power to hear issues of fact mandatory. However, underlying these guidelines is the policy that the state be given the opportunity to conduct a full hearing in order to pass on the relevant factual issues. "The duty (of the federal court) to try the facts anew exists in every case in which the state court has not after a full hearing reliably found the relevant facts." Townsend v. Sain, *supra.*

■ West Virginia's Legislature has provided a broad and effective post-conviction review remedy in the post-conviction habeas corpus statute, W.Va. Code §§ 53–4A–1 to 11 (Michie Supp.1968), passed and effective as of January 25, 1967, superseding the older habeas corpus statute, W.Va. Code §§ 53–4–1 to 13 (Michie 1966). The intent and purpose of this new statute are to provide a complete forum to any person incarcerated under state conviction and sentence to raise all state and all federal constitutional issues in state courts and, there-

upon, to receive a full evidentiary hearing on any and all factual questions before the appropriate state statutory or circuit court. The first section of the statute reads in part as follows:

(a) Any person convicted of a crime and incarcerated under sentence of imprisonment therefor who contends that there was such a denial or infringement of his rights as to render the conviction or sentence void under the Constitution of the United States or the Constitution of this State, or both, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under the common-law or any statutory provision of this State, may, without paying a filing fee, file a petition for a writ of habeas corpus ad subjiciendum, and prosecute the same, seeking release from such illegal imprisonment, correction of the sentence, the setting aside of the plea, conviction and sentence, or other relief, if and only if such contention or contentions and the grounds in fact or law relied upon in support thereof have not been previously and finally adjudicated or waived in the proceedings which resulted in the conviction and sentence, or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings which the petitioner has instituted to secure relief from such conviction or sentence. * * * W.Va.Code, § 53–4A–1 (Michie Supp. 1968).

A total reading and analysis of Chapter 53, Article 4A of the West Virginia Code, the article dealing with post-conviction habeas corpus relief, demonstrate that the legislative intent was to provide a forum for resolving questions of fact in the circuit court or statutory court of the county of conviction and sentencing or, alternatively, in the county of incar-

ceration. See in particular W.Va. Code § 53–4A–3 (b) (Michie Supp.1968), dealing with how the writ is to be made returnable, and W.Va. Code § 53–4A–7(a) and (b), dealing with hearings, evidence, and the making of a record.

Section 9(a) of the statute provides the method of appeal from a final judgment entered under the provisions of this post-conviction habeas corpus statute by a state statutory court or a state circuit court. It is in the state trial courts, statutory and circuit, which are equipped to fully develop and hear issues of fact or mixed issues of fact and law, that full evidentiary hearings can be held. The West Virginia Supreme Court of Appeals, being an appellate review tribunal, is equipped to hear original petitions for habeas corpus on purely legal questions or to hear appeals on the full record from the findings of fact and conclusions of law made by state statutory or circuit courts.

In Petitioner's case the contention raised before this Court in the application for a federal writ of habeas corpus, and by the amendment to that application, i.e., that Petitioner was denied his right to seek an appeal due to the ineffectiveness of counsel in abandoning the appeal, presents a question of fact or at least a mixed question of fact and law.

To fully and effectively utilize the comprehensive West Virginia post-conviction habeas corpus statute, the available West Virginia remedy, Petitioner should originally present these issues in the state statutory court or the state circuit court of the county where convicted and sentenced, or where incarcerated. These courts have jurisdiction and authority to conduct evidentiary hearings on the merits—to resolve factual questions or questions of law and fact—and to pass upon purely legal questions and issues. The state trial courts thus resolve all issues presented to them. Upon the determination of all issues, specific findings of fact and conclusions of law must be made by these courts in compliance with W.Va.Code § 53–4A–7(c) (Michie Supp.1968). A full record is

then available upon which petitioner may proceed on appeal, if desired, to the West Virginia Supreme Court of Appeals.

A studied analysis of West Virginia post-conviction enactment leads this Court to conclude that the state has now provided an adequate state post-conviction review remedy that satisfies federal standards. Case v. Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965).

In the usual case, if relief is not afforded by this state court system of hearing and appellate procedure, and if petitioner still believes there is a federal constitutional deprivation, as distinguished from a state constitutional deprivation or matter of trial error, the petitioner should seek federal habeas corpus relief.

The fact that petitioner has raised issues of fact in his application to the West Virginia Supreme Court of Appeals, the state appellate review tribunal, and was denied a writ of habeas corpus on the face of the petition alone, does not usually demonstrate or even indicate or suggest the lack of effective state remedies or the exhaustion of all available state post-conviction procedures. Instead, it merely shows that petitioner has failed to properly utilize the available and adequate state remedy provided by West Virginia's post-conviction habeas corpus statute. Petitioner's mere technical exhaustion of state post-conviction review procedures, as here, does not satisfy the spirit or intent of 28 U.S.C. § 2254(b) and (c).

Sheftic v. Boles, 377 F.2d 423 (4th Cir.1967), cert. denied as Boles v. Sheftic, 389 U.S. 986, 88 S.Ct. 476, 19 L.Ed. 2d 479 (1967), may appear to state a contrary rule, but the Court of Appeals decision there must be considered in the light of the facts and circumstances of that case. *Sheftic* was argued in the Court of Appeals on June 23, 1966, and was decided May 4, 1967. In the meantime the West Virginia Legislature had enacted the state's post-conviction ha-

beas corpus statute, above referenced, and had made it effective as of January 25, 1967. The Court appears to refer briefly to this new statute (377 F.2d, at 427) but does not feel that the prisoners in the *Sheftic* case should be relegated to the state courts.

While this present analysis of exhaustion and use of presently available and adequate state remedies of post-conviction review may not appear on a completely clean slate, the facts, circumstances and procedures are materially different in the case now before this Court.

Token exhaustion of state remedies solely by filing habeas corpus petitions in the West Virginia Supreme Court of Appeals can no longer be considered as satisfying federal and state requirements.

Under the present state of the law, even to the unlettered person who retains a genuine belief in the invalidity of his conviction, the most natural and reasonable recourse is to seek relief from either the court of conviction or the court in the geographic area of his imprisonment. In either event, the most normal, instinctively chosen court from which relief would be sought is the state trial court. This is the court nearest to the person. This is the court most associated to the community. This is the court most frequently used by the public for all purposes, both criminal and civil. Recourse in habeas corpus matters by state convicted prisoners to the federal court system is a development—a substitute of sorts—of rather recent origin from the state court systems where the post-conviction review remedies were inadequate, too narrow of scope, too nonfundamental in the application of substantive law, and were procedurally devoid of the flexibility essential to reach the genuine overriding issues of federal constitutional law that permeated the state trial court convictions under collateral attack. Such resort to the federal court system occurred only because of inadequate state court remedies and not because of the presence alone of federal constitutional claims.

The question, whether an application for habeas corpus relief to the West Virginia Supreme Court of Appeals is sufficient exhaustion of state remedies, is a familiar issue, but the perspective in which it must now be viewed is dramatically different. Congress amended 28 U.S.C. § 2254, to encourage states to hear and determine habeas corpus issues. West Virginia rewrote its post-conviction habeas corpus statutes to provide a vehicle, and indeed a requirement, for hearing habeas corpus issues in state court.

Miller v. Boles, 248 F.Supp. 49, 57–61 (N.D.W.Va.1965), reviews some of the history and problems on post-conviction relief in West Virginia to the time of the decision. The problems are not new. As Miller v. Boles records, original jurisdiction in habeas corpus is vested by the West Virginia Constitution in the Supreme Court of Appeals and in the circuit courts of the several counties. In Rules of the Supreme Court of Appeals, effective February 2, 1904, Rule XIII directed that habeas corpus applications should in the first instance be presented to the circuit courts, unless some special reasons were set forth justifying presentation to the Supreme Court. Later the Supreme Court invalidated this Rule on constitutional grounds. Ex parte Doyle, 62 W.Va. 280, 57 S.E. 824 (1907). The Court could not abdicate its original jurisdiction. In addition to inherent powers, the Court has broad statutory rule-making powers. W.Va. Code, § 51–1–4 (Michie 1966). But the Court is confronted by its limitations imposed on evidentiary hearings. This is recognized in State ex rel. Scott v. Boles, 150 W.Va. 453, 457, 147 S.E. 2d 486, 489 (1966), in the following language:

It should be pointed out that this Court is an appellate court and does not conduct hearings with oral testimony before the court as do trial courts. The constitution of this state

does give this Court original jurisdiction in habeas corpus proceedings, in addition to its appellate jurisdiction in such cases. Article VIII, Section 3, Constitution of West Virginia. However, the Constitution also gives the circuit courts original jurisdiction in such cases. Article VIII, Section 12. The circuit courts are trial courts and full hearings can be held with testimony of witnesses given in person before the judges thereof.

The inmates of the penal institutions of this state can institute habeas corpus proceeding in the circuit court or any other trial court created and given such jurisdiction by the legislature in the counties wherein such institutions in which they are detained are located if they so desire and can have a full hearing in such proceedings before such courts. Code, 53–4–1 and 53–4–2.

Similar problems exist in mandamus and prohibition in which the Supreme Court and the circuit courts are each given original concurrent jurisdiction by the Constitution. See Board of Trustees of Policemen's Pension v. City of Huntington, 142 W.Va. 217, 96 S.E.2d 225 (1956).

Prior to West Virginia's enactment of the 1967 post-conviction procedure statute, the state's habeas corpus laws provided that, consistent with its original jurisdiction, the Supreme Court might entertain the application, order the writ, and make it returnable before a circuit court or statutory court wherein evidentiary hearings could readily be conducted. W.Va. Code, ch. 53, art. 4, § 2 (Michie 1966).

The 1967 statute, W.Va. Code, § 53–4A–3(b) provides the writ, although granted by the Supreme Court, may be made returnable to the circuit court or the statutory court for hearing. As previously observed herein, the statute provides for adequate judicial review. W. Va. Code, § 53–4A–9.

The point of this narrative is to demonstrate that while original jurisdiction has been preserved in the state courts, consistent with provisions of the state's Constitution, nevertheless provisions have been made for evidentiary hearings responsive to the requirements of the federal statute, 28 U.S.C. § 2254.

It may be noted that habeas corpus petitions may yet be presented to and heard by the Supreme Court under its original jurisdiction. Legal questions may alone be involved in some cases. But the statute, W.Va. Code, § 53–4A–2, provides for filing affidavits, exhibits, records and other documentary evidence with the petition. Depositions may be read in evidence. W.Va. Code, § 53–4A–7(b). Supreme Court Rule II–8 provides for filing exhibits with petitions in original jurisdiction cases. Rule IX–2 provides for depositions. State ex rel. Scott v. Boles, 150 W.Va. 453, 456, 147 S.E.2d 486 (1966). Stipulations may be employed. Board of Trustees of Policemen's Pension v. City of Huntington, 142 W.Va. 217, 231, 96 S.E.2d 225 (1956).

West Virginia's 1967 post-conviction habeas corpus review statute, viewed in light of the existing rules of court and the broad rule-making powers vested in the Supreme Court of Appeals, manifests the state's capacity and willingness to provide an adequate evidentiary hearing, as measured by federal standards and contemplated and required by federal statute, 28 U.S.C. § 2254. The situation here is different from that portrayed in the record in Sheftic v. Boles, 377 F.2d 423, 426 (4th Cir.1967). It is somewhat similar in principle to the observation of the United States Supreme Court in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 899 (1956), with reference to Illinois' provisions for transcripts for appellate review. Renewed confidence can now be expressed that West Virginia will continue to fashion procedures in post-conviction habeas corpus review adequately responsive to federal statute and constitutional requirements. Cf. Missouri Supreme Court Rule 27.26, effective September 1, 1967, V.A.M.R., relating to post-con-

viction applications. See 45 F.R.D. 199, 225 (1968). A further comparable development, evidencing the realistic attitude of the West Virginia Supreme Court of Appeals in handling post-conviction proceedings is found in the well-reasoned opinion of State ex rel. Bradley v. Johnson, 166 S.E.2d 137 (W.Va. 1969), where the state's highest court held, at page 141, that a trial court after setting aside a void judgment "had jurisdiction of the criminal proceeding and the power and authority to grant the petitioner a new trial, or, as it did in lieu of a new trial, to resentence the petitioner to confinement in the penitentiary * * * with credit for the specified time served, and thus to restore and make available to the petitioner his right to apply for an appeal from such judgment * * *."

This Petitioner under existing practice is not prejudiced by the requirement that he seek relief from the appropriate state statutory or circuit court, although previously denied relief by the West Virginia Supreme Court of Appeals, for the denial of habeas corpus in this case was based neither upon the merits of Petitioner's cause nor upon findings at a hearing. The West Virginia post-conviction review statute specifically provides that a person may seek post-conviction habeas corpus relief

> if such contention or contentions and the grounds in fact or law relied upon in support thereof have not been *previously and finally adjudicated* or waived in the proceedings which resulted in the conviction and sentence, or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings which the petitioner has instituted to secure relief from such conviction or sentence. W.Va. Code, § 53–4A–1(a). (Emphasis supplied).

An issue or contention shall not be deemed to have been finally adjudicated until

at some point in the proceedings which resulted in the conviction and sentence, or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, *there was a decision on the merits thereof after a full and fair hearing thereon* and the time for the taking of an appeal with respect to such decision has not expired or has expired, as the case may be, or the right of appeal with respect to such decision has been exhausted, unless said decision upon the merits is clearly wrong. W.Va.Code, § 53–4A–1(b). (Emphasis supplied).

 Although Petitioner here has sought relief from the West Virginia Supreme Court of Appeals, he continues to have an effective remedy available to him in the state, a remedy which should be pursued to allow the state a reasonable and practical opportunity to review his contentions.

 The United States Court of Appeals for the Fourth Circuit has spoken to the question of whether a direct appeal from a state court conviction is sufficient exhaustion and has held that, unless the issues before the appellate tribunal can be resolved from the record on its face, a direct appeal is not sufficient exhaustion. Ganger v. Peyton, 379 F.2d 709 (4th Cir.1967). The primary consideration is whether there has been an adequate development of the facts at trial for the appellate tribunal to resolve the issues. Thompson v. Peyton, 406 F.2d 473 (4th Cir.1968). If the answer is in the affirmative, no further exhaustion is needed because the appellate tribunal can determine the merits of the claim as a matter of law on the basis of already developed facts. If the answer is in the negative, supplemental proceedings are necessary to develop the facts before the appellate court can reach the merits. In the latter case the Fourth

Circuit required that state remedies be further pursued and, in *Ganger,* suggests that the petitioner resort to habeas corpus in a state circuit court.

We do not reach the question [of ineffective assistance of counsel] because it is apparent that Ganger has not exhausted his state court remedies. It is unfortunate that state prisoners sometimes prefer the federal courts to the extent of ignoring the concurrent jurisdiction of state courts which have the primary duty of assuring the constitutionality of state trials. That the federal district court had the *power* to afford Ganger relief is not enough. It is still "unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation * * *." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950), quoted with approval in Fay v. Noia, 372 U.S. 391, at 420, 83 S.Ct. 822, 839, 9 L.Ed.2d 837 (1963). The doctrine of comity "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Id.

In deciding to exercise jurisdiction, the district judge accorded too much weight to the effect of the direct appeal by Ganger to the Supreme Court of Appeals of Virginia. Seldom does the ineffectiveness of counsel appear on the face of the trial record without the necessity of developing the facts in respect to counsel's conduct in a supplemental proceeding. Denial of relief on the appeal does not mean that consideration of Ganger's contention is foreclosed in the state courts. Ganger should have filed a petition for writ of habeas corpus in the Circuit Court of King George County al-

leging ineffective representation. Such a remedy was available to him then and is presently available despite the long delay occasioned by his proceeding initially in federal court.

We respect and commend the nontechnical attitude of the district judge that moved him to consider the merits of the matter. Cf. Webb v. Peyton, 345 F.2d 521 (4th Cir. 1965). But this is more than a question of procedural nicety. It is becoming increasingly apparent that the federal district courts cannot possibly process all of the claims of state prisoners, nor should they attempt to do so, without deferring initially to the state courts—if such courts offer available and adequate remedies. Ganger v. Peyton, 379 F.2d 709, 710–711 (4th Cir.1967).

The Fourth Circuit further explains the exhaustion requirements, as set forth in *Ganger,* in Thompson v. Peyton, 406 F. 2d 473 (4th Cir. 1968) at page 475:

* * * If the facts were sufficiently well developed at trial that the state appellate court can rule upon the issues presented without the necessity of further factual development, the issues may be considered to have been properly presented on appeal. If, on the other hand, it is necessary that an evidentiary hearing be held before a definitive ruling can be made on the merits of the issues, they are not considered to have been properly before the appellate court for decision and, therefore, it is necessary that resort be had to a collateral proceeding for proper development of the claims. In such a case, where the state provides an adequate and available method for bringing the necessary collateral attack on the conviction, *Ganger* requires that the state remedies must be pursued and utilized before a federal court will consider the merits of a habeas corpus petition in which the same contentions are raised.

The distinction between proper and improper presentation of issues, as expressed in *Ganger* and *Thompson,* applies with equal validity to the instant case where Petitioner has attempted to exhaust his state habeas corpus remedy through an original petition for a writ of habeas corpus in the Supreme Court of Appeals of West .Virginia. Petitioner's contentions, being issues of fact, require factual development before a decision on the merits can be made.

The denial of habeas corpus relief by the Supreme Court of Appeals of West Virginia does not in any practical or real way foreclose consideration of Petitioner's contentions in a state circuit or statutory court equipped to hold evidentiary hearings to develop the necessary facts. W.Va. Code § 53–4A–1(a) and (b).

Petitioner's application to the Supreme Court of Appeals of West Virginia appears to be little more than an attempt to by-pass the state court system so as to quickly reach the federal courts. Such token exhaustion of state remedies does not bring into action federal requirements for mandatory federal court hearings.

In Peters v. Rutledge, 397 F.2d 731, 737–738 (5th Cir.1968), regarding exhaustion under Georgia's recently enacted post-conviction Habeas Corpus Act of 1967, an Act providing for state review perhaps as broad in scope as West Virginia's recent statute, the Court of Appeals for the Fifth Circuit said:

> * * * The statutory structure is a good one. It retains initial responsibility where it belongs. It gives to the state the opportunity for full development of evidentiary facts in its own courts. If a full and fair evidentiary hearing satisfying Fay v. Noia is held it makes unnecessary in most cases any further factual hearing by a federal court if, after state-court denial of post-conviction relief, the petitioner seeks as he then may, federal court habeas review.

> Following the statutory structure serves a triple public interest. First, the system, if followed and faithfully applied puts responsibility on the state. Second, it affords to the one contesting the conviction an effective remedy. Third, it represents a mutual, even though not jointly expressed, state legislative judgment and a federal judicial comity conclusion that the rapid, explosive expansion of federal habeas cases in state convictions represents a substantial threat to the administration of justice, all kinds, not just criminal.

Petitioner's questions here urged, being issues of fact, demand the presentation of testimony and other evidence. This need can best be supplied in the state court environment where the pleadings and records, oral and mute evidence, living witnesses, and informed attorneys are situated and are most readily available—the county where Petitioner was convicted and sentenced or, if a deviation is needed, the county where he is incarcerated. Before seeking recourse to the federal courts, Petitioner should —indeed, the Congress has declared he must—effectively present the questions to the state courts, the courts best equipped to pursue and find the answers. See United States v. Myers, 384 F.2d 279 (3rd Cir.1967); Palmer v. Comstock, 394 F.2d 395 (9th Cir.1968); United States ex rel. Smith v. Brierley, 295 F.Supp. 1195 (M.D.Pa.1969); Needel v. Scafati, 412 F.2d 761 (1st Cir. 3–20–69); Cardinale v. Louisiana, 394 U.S. 437, 89 S.Ct. 1162, 22 L.Ed.2d 398 (1969).

Because Petitioner has not exhausted his state remedies as encouraged by the state and as required by federal law, an order will be entered, denying, without prejudice, for the reasons stated in this memorandum, Petitioner's application, earlier filed and amended, for federal habeas corpus relief.