424 F.2d 157
 William LEFTWICH, Appellant,
v.
Ira M. COINER, Warden, West Virginia State Penitentiary, Appellee.
Bill SLONE, Jack Slone, Appellants,
v.
Ira M. COINER, Warden, West Virginia State Penitentiary, Appellee.
James Melvin THOMPSON, Appellant,
v.
Ira M. COINER, Warden, West Virginia State Penitentiary, Appellee.
 No. 13755.
 Nos. 13758-9.
 United States Court of Appeals, Fourth Circuit.
 Argued February 6, 1970.
 Decided April 1, 1970.
 
 Arthur M. Recht, Weirton, W. Va. (court-assigned counsel) for appellants.
 George E. Lantz, Deputy Atty. Gen. (Chauncey H. Browning, Jr., Atty. Gen. of West Virginia, and Willard A. Sullivan, Asst. Atty. Gen., on brief) for appellee.
 Before SOBELOFF, BRYAN and BUTZNER, Circuit Judges.
 BUTZNER, Circuit Judge.
 
 
 1
 In Sheftic v. Boles, 377 F.2d 423 (4th Cir.), cert. denied, 389 U.S. 986, 88 S.Ct. 476, 19 L.Ed.2d 479 (1967), we held that a West Virginia prisoner exhausted his state court remedies under 28 U.S.C. § 2254[1] when he filed an original petition for a writ of habeas corpus in the Supreme Court of Appeals of West Virginia and that court denied relief. The prisoner was then entitled, we ruled, to apply for the writ in a federal district court. The question presented by these appeals is whether the 1967 amendments to West Virginia's habeas corpus statutes have so changed the nature of available state remedies that the Sheftic holding is no longer applicable. We conclude that original proceedings in the Supreme Court of Appeals still satisfy the exhaustion requirements of 28 U.S.C. § 2254, and accordingly we reverse the judgments dismissing these actions.
 
 
 2
 William Leftwich, Bill Slone, Jack Slone, and James M. Thompson are West Virginia prisoners confined in the state penitentiary at Moundsville, West Virginia. They each filed original petitions for writs of habeas corpus in the Supreme Court of Appeals of West Virginia. The Court summarily denied their applications. They then filed petitions in the district court challenging their convictions on constitutional grounds previously presented in their Supreme Court of Appeals petitions. The district judge, sua sponte, dismissed the petitions for failure to exhaust state remedies.[2] He held that filing original habeas corpus petitions in the Supreme Court of Appeals of West Virginia no longer satisfied the exhaustion requirement in view of the post-conviction procedure provided by the 1967 amendments to West Virginia's habeas corpus statutes.[3]
 
 
 3
 The 1967 post-conviction habeas corpus statute now provides a comprehensive remedy for West Virginia prisoners to collaterally attack their convictions or sentences. For post-conviction purposes, it takes the place of W.Va.Code Ann. § 53-4-1 et seq. (1966), the general habeas corpus statute which we dealt with in Sheftic. The new statute enlarges the number of courts which have jurisdiction to entertain habeas corpus petitions, and it provides for proceedings in forma pauperis, appointment of counsel, procurement of records and transcripts, evidentiary hearings, and appellate review. As the district judge correctly observed,[4] the new statute fully meets the suggestions of Congress and the federal courts that states enact adequate post-conviction remedies.[5]
 
 
 4
 Central to our decision in Sheftic were the West Virginia constitutional and statutory provisions that conferred concurrent original jurisdiction in habeas corpus on both the Supreme Court of Appeals and the state courts of record.[6] The 1967 amendments reenacted this grant of jurisdiction.[7] Furthermore, under the new statute,[8] as well as under the old,[9] the Supreme Court of Appeals may make the writ returnable before it or before a court of record.[10] In these important aspects there has been no significant change in the statute since Sheftic.
 
 
 5
 The district judge concluded that when a petition for habeas corpus raises factual matters it must be initiated in a state trial court to satisfy the exhaustion requirements of 28 U.S.C. § 2254. On the other hand, he recognized that when legal questions are raised, the Supreme Court of Appeals is an appropriate original forum, and application to it may therefore exhaust state remedies.[11] However, neither the 1967 amendments nor 28 U.S.C. § 2254 support this division of original jurisdiction or its consequences on the right of a state prisoner to seek federal relief. The West Virginia statute, which by its terms is to be liberally construed,[12] unequivocally authorizes an applicant for habeas corpus to file his original petition either in the Supreme Court of Appeals or in a court of record without regard to the nature of the question that is presented. And exhaustion of one of several alternative state remedies is all that 28 U.S.C. § 2254 requires. Brown v. Allen, 344 U.S. 443, 447, 73 S. Ct. 397, 97 L.Ed. 469 (1953); Sheftic v. Boles, 377 F.2d 423, 426 (4th Cir.), cert. denied, 389 U.S. 986, 88 S.Ct. 476 (1967).
 
 
 6
 We recognize that requiring prisoners to initiate their petitions in state trial courts has several advantages. It enables the parties to prepare records adequate for initial determination of the case and for appellate review. Also, plenary state hearings reduce the number of trials in federal courts. See Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). But initial filing in a court possessing state-wide jurisdiction has its advantages, too, and the state is entitled to choose how it will apportion jurisdiction among its forums. Although the state's choice may influence the number and complexity of federal habeas corpus hearings, comity requires federal courts to give effect to the state's jurisdictional statutes in deciding whether state remedies have been exhausted.
 
 
 7
 West Virginia's constitutional and statutory provisions for the Supreme Court of Appeals' original jurisdiction enable that Court to perform the valuable function of preliminary screening and docket control. The ABA Standards Relating to Post-Conviction Remedies 28 (Approved Draft, 1968) deal informatively with the subject. Standard 1.4 and the accompanying commentary state:
 
 
 8
 "(a) Original jurisdiction to entertain applications for post-conviction relief can be vested either in those local trial courts authorized to try criminal cases or in a single court of state-wide jurisdiction, such as an appellate court. Although choice of a single state-wide court has several theoretical and practical advantages, it would not be inappropriate to continue the prevailing practice of using local courts as the courts of original jurisdiction.
 
 
 9
 * * * * * *
 
 
 10
 
 "Commentary
 
 
 
 11
 "In some jurisdictions, applications for habeas corpus must, or can, be submitted to an appellate court in the first instance. * * * Although appellate tribunals are inappropriate forums to conduct factual inquiries, there is considerable merit in their serving as the original screen to separate those applications worthy of further consideration from those lacking in merit on the face. In actual practice, such a system can work only if the judges have adequate assistance, either from their law clerks or from the office of the clerk of the court. Appellate courts are more likely to have such assistance than trial courts. Once the preliminary determination to proceed has been made, the case can be transferred to an appropriate trial court, or perhaps to special commissioners or masters, for whatever hearings or inquiry necessary."
 
 
 12
 The provision in the West Virginia statute allowing the Supreme Court of Appeals to make the writ returnable in a court of record enables the Supreme Court of Appeals to perform the functions recommended in the ABA Standards. Moreover, since the Supreme Court of Appeals is authorized to order the writ returnable either where the petitioner is jailed or where he was convicted, the Court can exercise a considerable degree of docket control over the caseload of the courts of record.
 
 
 13
 Of course if the Supreme Court of Appeals orders the writ returnable to a court of record, or if it dismisses the petition without prejudice to the petitioner's application for relief in a court of record, the federal district court should decline to entertain the petition until the prisoner has pursued the state remedies the Supreme Court of Appeals has made available to him.
 
 
 14
 In these consolidated cases, however, the Supreme Court of Appeals followed neither of these courses. It took jurisdiction and denied the writ as it was authorized to do by the Constitution and statutes.[13] Under these circumstances it is clear that the prisoners have exhausted their state remedies and are now entitled to have their claims considered by the district court.
 
 
 15
 The judgments of the district court are reversed, and these cases are remanded for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 Title 28 U.S.C. § 2254 (Supp.1959-1967) provides in part:
 "(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
 "(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."
 
 
 [2]
 The district court's unpublished memoranda in these cases are vitually the same as its opinion in Kidd v. Coiner, 299 F. Supp. 1380 (N.D.W.Va.1969)
 
 
 [3]
 W.Va.Code Ann. §§ 53-4A-1 to -11 (Supp.1969)
 
 
 [4]
 Kidd v. Coiner, 299 F.Supp. 1380, 1383 (N.D.W.Va.1969)
 
 
 [5]
 See, e. g., Habeas Corpus — Applications for Writs, S.Rep.No.1797, 89th Cong., 2d Sess., 1966 U.S.Code Cong. & Admin. News, pp. 3663, 3665; Case v. Nebraska, 381 U.S. 336, 337 and 340, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965) (concurring opinions of Mr. Justice Clark and Mr. Justice Brennan)
 
 
 [6]
 W.Va.Const. art. 8, §§ 3 and 12; W.Va. Code Ann. §§ 51-1-3 and 53-4-1 (1966)
 
 
 [7]
 W.Va.Code Ann. § 53-4A-1(a) (Supp. 1969)
 
 
 [8]
 W.Va.Code Ann. § 53-4A-3(b) (Supp. 1969)
 
 
 [9]
 W.Va.Code Ann. § 53-4-2 (1966)
 
 
 [10]
 The 1967 amendments gave the Supreme Court the option of making the writ returnable before a court in the county where the petitioner is detained or before the court in which he was sentenced. Formerly venue of the courts of record was limited to the county where the petitioner was detained
 
 
 [11]
 In these consolidated cases the district court concluded the contentions advanced by the petitioners presented questions of fact or mixed questions of law and fact. On the bare record before us, some of these issues appear to present only questions of law. However, in the light of our disposition of the cases, we find it unnecessary to review the district judge's conclusions on this phase of the case
 
 
 [12]
 W.Va.Code Ann. § 53-4A-10 (Supp.1969)
 
 
 [13]
 The Attorney General did not move to have the writ returnable to another court in any of these cases