**Robert Thomas HALL, Petitioner,**

v.

**Arthur L. McKENZIE, Warden West Virginia State Penitentiary, Respondent.**

**Civ. A. No. 75–198–E(H).**

United States District Court,
N. D. West Virginia.

Aug. 6, 1976.

Arthur M. Recht, Ray A. Byrd, Wheeling, W. Va., for petitioner.

Betty L. Caplan, Asst. Atty. Gen., Charleston, W. Va., for respondent.

### MEMORANDUM ORDER

HADEN, District Judge.

This action is a petition for a writ of habeas corpus brought under 28 U.S.C. 2254. Petitioner is currently incarcerated in the West Virginia State Penitentiary serving a sentence of not less than ten nor more than twenty years imposed on him pursuant to his plea of guilty to the crime of rape entered before the Circuit Court of Ohio County on June 11, 1975.

Petitioner, prior to the entry of his guilty plea, presented to the West Virginia Supreme Court of Appeals a petition for a writ of prohibition against George L. Spillers, Judge of the Circuit Court of Ohio County, seeking to prevent further proceed-

ings in his case. On June 10, 1975, the West Virginia Supreme Court denied his petition by a three to two margin, Justices Haden and Sprouse, voting to grant.

Petitioner challenges his conviction on three grounds: first, that the West Virginia rape statute, *W.Va.Code,* 1931, 61–2–15, as amended, is unconstitutional in that it provides different penalties for men and women and thereby violates equal protection;[1] second, that the rape statute unconstitutionally encourages an accused to plead guilty and to relinquish his right to a jury trial in violation of the Fifth and Sixth Amendments to the United States Constitution;[2] and third, that Petitioner's juvenile transfer hearing, in combination with his trial as an adult, subjected him to double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution.[3]

It is the opinion of this Court that Petitioner has failed to exhaust adequately his state remedies as required by 28 U.S.C. 2254. Petitioner's only presentation of his claims to the West Virginia Supreme Court of Appeals was his petition for a writ of prohibition. The West Virginia Supreme Court has adopted and followed the salutary rule that a writ of prohibition may not be substituted for a writ of error and appeal unless it appears, under all of the facts and circumstances of the case, that a writ of error and appeal is an inadequate remedy. *Woodall v. Laurita,* 195 S.E.2d 717 (W.Va.1973). As such, that Court often summarily denies such a petition without considering its merits. *State ex rel. Blankenship v. McHugh,* 217 S.E.2d 49, 53 (W.Va. 1975). Since the West Virginia Supreme Court does apply a different standard of review in considering the extraordinary

1. This ground has been laid to rest adversely to Petitioner by the Fourth Circuit's decision in *Hall v. McKenzie,* 537 F.2d 1232 (4th Cir. 1976).

2. The West Virginia Supreme Court of Appeals has addressed this issue in *State ex rel. Rasnake and Schnelle v. Narick,* 227 S.E.2d 203 (W.Va.1976), also adversely to Petitioner.

3. West Virginia's juvenile "transfer" statute, now W.Va.Code, 1931, 49–5–11, as amended, was called into question by *Breed v. Jones,* 421 U.S. 519, 536 n.16, 538 n.19, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), but was not directly adjudicated by that decision. The Supreme Court of Appeals of West Virginia has not itself considered this question and should be given that opportunity before this forum resolves the *Breed* issue of former jeopardy.

remedy of prohibition than in considering post-conviction relief, see *State ex rel. Blankenship v. McHugh, supra,* this Court is of the opinion that the West Virginia Supreme Court should be given an opportunity to review this case in the normal post-conviction manner. Such a requirement will better serve the purposes of the exhaustion doctrine, which

"preserves the role of the state courts in application and enforcement of federal law. Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. Second, (the doctrine) preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings. It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts." Note, Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1094 (1970), quoted in *Braden v. 30th Judicial Circuit,* 410 U.S. 484, 490–91, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973).

Petitioner need only exhaust those state remedies still available to him at the time of the filing of his federal petition. *Humphrey v. Cady,* 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972). Although his time for filing a petition for appeal has expired, see *W.Va.Code,* 1931, 58–5–4, as amended, Petitioner yet has available to him the post-convictions habeas corpus procedure provided in *W.Va.Code,* 1931, 53–4A–1, *et seq.,* as amended.

Proper procedure requires that the case be dismissed until state remedies have been exhausted. *Slayton v. Smith,* 404 U.S. 53, 92 S.Ct. 174, 30 L.Ed.2d 209 (1971).

Accordingly, it is ORDERED that this case be dismissed and retired from the docket of this Court.