Clinton I. McDANIEL, Petitioner,

v.

Manfred HOLLAND, Respondent.

Civ. A. No. 83–2552.

United States District Court,
S.D. West Virginia,
Charleston Division.

April 14, 1986.

Clinton I. McDaniel, pro se.

Bethany Boyd and Frederick S. Wilkerson, Deputy Attys. Gen., Charleston, W.Va., for respondent.

## ORDER

HADEN, Chief Judge.

Pending is the Respondent's motion, filed February 10, 1986, to dismiss this petition for McDaniel's failure to properly present his claims to the courts of the State of West Virginia. McDaniel's exhaustion before the state courts consisted of a motion to set aside conviction and sentence and dismissal thereof filed with the Kanawha County Circuit Court September 19, 1983. The document presented to the Court is apparently McDaniel's file copy, which does not indicate the filing date of the same, nor is there any order indicating what the disposition of this motion may have been. Also, McDaniel has filed an original petition for a writ of habeas corpus before the West Virginia Supreme Court of Appeals on October 31, 1983. On November 9, 1983, the Supreme Court of Appeals for the State of West Virginia refused to issue a rule to show cause. The Court made no indication on the minute order denying McDaniel's petition whether it had done so with or without prejudice.

■ A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). A prisoner cannot seek intervention of a federal court by way of habeas corpus relief without first seeking and being denied relief in state courts if the state remedies are both available and adequate. *Preiser v. Rodriguez,* 411 U.S. 475, 477, 93 S.Ct. 1827, 1829–30, 36 L.Ed.2d 439 (1973). Even where it is not apparent from the face of the rule whether there is a state remedy, a federal court should defer until the question of whether a state remedy is available is decided in the state forum. *Richardson v. Turner,* 716 F.2d 1059, 1062 (4th Cir.1983).

West Virginia in 1967 passed the Post-Conviction Habeas Corpus Act, *W.Va.Code,* § 53–4a–1, *et seq.* *W.Va.Code,* § 53–4a–1(a) gives circuit courts and the Supreme Court of Appeals concurrent jurisdiction over habeas corpus petitions. *W.Va.Code,* § 53–4a–3(a) states that courts considering habeas corpus petitions may not summarily deny the habeas corpus petition unless there is no probable cause to believe the petitioner is entitled to relief, and the section further states that such refusal shall constitute final judgment. It is important to note at this point, that the West Virginia Supreme Court of Appeals has the ability to amend procedural rules made by the Legislature. *State ex rel. Wilson v. County Court,* 145 W.Va. 435, 114 S.E.2d 904 (1960).

The seminal case in the Fourth Circuit which determines what is required to exhaust one's remedies in West Virginia is *Leftwich v. Coiner,* 424 F.2d 157 (4th Cir. 1970). In that case, the Fourth Circuit considered appropriate exhaustion under the 1967 West Virginia Habeas Corpus Act to be merely filing a petition for writ of habeas corpus with the state court and suffering the denial thereof. The *Leftwich* court went on to say:

"Of course, if the Supreme Court of Appeals orders the writ returnable to a court of record, or if it dismisses the petition without prejudice to the petitioner's application for relief in a court of record, the federal court should decline the petition until the prisoner has pursued the state remedies the Supreme Court of Appeals has made available to him."

*Leftwich,* 424 F.2d at 160–61.

*Rule* 14 of the West Virginia Rules of Appellate Procedure covers petitions for rules to show cause which is part and parcel of the procedure of obtaining a writ for habeas corpus. *Rule* 14(a), West Virginia Rules of Appellate Procedure. *Rule* 14(b) states

"If the [West Virginia Supreme Court] determines not to grant a rule to show cause, such determination shall be without prejudice to the right of the petitioner to present a petition to a lower court

having proper jurisdiction, unless the court specifically notes on the order denying a rule to show cause that the denial is with prejudice."

The change in how West Virginia courts perceive a denial of a writ before the West Virginia Supreme Court of Appeals is exemplified by comparing the case of *State ex rel. Blankenship v. McHugh*, 158 W.Va. 986, 217 S.E.2d 49 (1975); with *State v. Coleman*, 281 S.E.2d 489 (W.Va.1981). In *Blankenship*, the rule was clearly stated that summary refusal of an extraordinary writ applied for under the West Virginia Supreme Court of Appeals' original jurisdiction is with prejudice. Under *Coleman*, noting the passage of the Rules of Appellate Procedure on January 1, 1980, from which *Rule* 14(b) quoted above is drawn, a refusal to issue a rule to show cause does not preclude an identical action before the appropriate circuit court. *Coleman*, 281 S.E.2d at 490.

The denial of a rule to show cause prayed for by a petition seeking to employ the original jurisdiction of the West Virginia Supreme Court of Appeals has in analagous cases been held to be without prejudice and nonexhaustive for the purposes of petitions to the federal district court under 28 U.S.C. § 2254. *Hall v. McKenzie*, 419 F.Supp. 32 (N.D.W.Va.1976) (prisoner challenging conviction by writ of prohibition instead of writ of error by that petition alone does not exhaust available state remedies). *See also Pitchess v. Davis*, 421 U.S. 482, 488, 95 S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1975) (writ of prohibition presented to appeals court does not suffice to demonstrate exhaustion for habeas corpus relief).

▮ In the instant action, McDaniel has presented his claim to the West Virginia Supreme Court of Appeals raising factual issues which the Supreme Court itself has stated that it is not well equipped to adjudicate. *Coleman*, 281 S.E.2d at 490. The Supreme Court refused to issue a rule to show cause on McDaniel's petition and it did not indicate upon this refusal that it did so with prejudice. McDaniel is, therefore, free to pursue his relief before the appropriate West Virginia circuit court and require a decision on the merits. *W.Va.Code*, § 53–4a–3.

Accordingly, the Court determines that McDaniel has failed to exhaust remedies and should be denied relief at this time. 28 U.S.C. § 2254(b) and (c). The Defendant's motion to dismiss for failure to exhaust filed February 10, 1986, is granted.