John Samuel MOORE, Petitioner,

v.

Paul KIRBY, Respondent.

Civ. A. No. 3:94–1094.

United States District Court,
S.D. West Virginia,
Huntington Division.

March 16, 1995.

John Samuel Moore, pro se.

Jacquelyn I. Custer, Asst. Atty. Gen., Charleston, WV, for respondent.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

The Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 19, 1994. Pending before the Court is the Respondent's motion to dismiss for failure to exhaust state remedies, and Petitioner's motion for summary judgment and motion for default judgment. This matter was previously referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for submission to this Court of his proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b). On February 28, 1995, Magistrate Judge Taylor submitted to this Court a Report–Recommendation and recommended that the Respondent's motion to dismiss for failure to exhaust be denied and that Respondent be required to answer the petition, including in his answer a copy of the proceedings in the Circuit Court of Cabell County encompassing Petitioner's plea and sentencing and any hearings held on Petitioner's motion to withdraw his plea. Magistrate Judge Taylor further recommended that the motions of the petitioner for summary judgment and for default judgment be denied.

The Petitioner filed objections to the Magistrate Judge's findings and recommendations on March 6, 1995 in a document styled Motion to Clarify and Amend Ruling. The Court has considered Petitioner's objections and reviewed *de novo* those portions of the Magistrate Judge's Report–Recommendation to which the Petitioner objects and concludes that the Petitioner's objections are without merit. The Court hereby adopts said findings and **ORDERS** that the Respondent's motion to dismiss for failure to exhaust is **DENIED** and the Respondent is required to answer the petition, including in his answer a copy of the proceedings in the Circuit Court

of Cabell County encompassing Petitioner's plea and sentencing and any hearings held on Petitioner's motion to withdraw his plea. It is further **ORDERED** that the petitioner's motions for summary judgment, default judgment, and to clarify and amend ruling are **DENIED.**

This case is referred to Magistrate Judge Taylor for further proceedings and a report-recommendation on the merits.

The Clerk is directed to send a copy of this Order to *pro se* parties, counsel of record, and Magistrate Judge Taylor.

## FINDINGS AND RECOMMENDATION

TAYLOR, United States Magistrate Judge.

In this habeas proceeding, filed under the provisions of 28 U.S.C. § 2254, respondent contends that petitioner, a state prisoner, has failed to exhaust state remedies with respect to the claims being asserted in a petition filed with this Court on December 19, 1994. The Court has reviewed the petition, and it appears that the claims set forth [1] are identical to claims set forth by petitioner in a petition filed with the Supreme Court of Appeals of West Virginia seeking a direct appeal of Moore's March 10, 1992 conviction in the Circuit Court of Cabell County,[2] the conviction he attacks in the present proceeding. That circumstance has a bearing on the question of whether exhaustion has been achieved by petitioner.

State prisoners must, of course, normally exhaust available state remedies before seeking relief by petition for writ of habeas corpus in the federal court, *Ex Parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); *Rose v. Lundy,* 455 U.S. 509, 515–16, 102 S.Ct. 1198, 1201–02, 71 L.Ed.2d 379 (1982), and it is established in this jurisdiction that, unless with prejudice, summary

dismissals of habeas petitions invoking the original jurisdiction of the West Virginia Supreme Court will not satisfy exhaustion requirements. *McDaniel v. Holland,* 631 F.Supp. 1544 (S.D.W.Va.1986). Moore's petition for appeal from the March 10, 1992 decision of the Circuit Court invoked the appellate jurisdiction of the Supreme Court, not its original jurisdiction. This fact distinguishes the present case from *McDaniel.* Moreover, the petition for appeal from a conviction, unlike habeas petitions invoking the court's original jurisdiction, is based on a record made in the Circuit Court and does not present problems, noted in *McDaniel,* which are encountered when the Court attempts to adjudicate habeas petitions invoking its original jurisdiction. It is also noted that, insofar as the Court is aware, the rationale of *McDaniel* has not been extended to denials of petitions seeking direct review of criminal convictions.

The core element of the doctrine of exhaustion involves the requirement that a claim have "been fairly presented to the state courts" [3] prior to seeking relief on federal habeas corpus. *Faye v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 848–49, 9 L.Ed.2d 837 (1963). "This includes an opportunity for review by the highest court in the state." *Toney v. Franzen,* 687 F.2d 1016, 1021 (7th Cir.1982). Exhaustion does not, however, require the filing of repetitious applications in the state courts, *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408–09, 30 L.Ed.2d 418 (1971), and when, as here, the state's highest court has been presented with the claims on a petition for a direct appeal, the exhaustion requirement is satisfied, though the court "exercises discretion not to review the case...." 17A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d,* § 4264.1 at pp. 344–45 (1988). It necessarily follows that John Samuel Moore has, by means of his petition

---

1. Moore asserts that he is entitled to relief on grounds that his "guilty plea was not knowingly and voluntarily entered and he should have been allowed to withdraw it," that he "did not understand the elements of 2nd degree sexual assault," and that the "totality of the circumstances require that [he].... be allowed to withdraw his guilty plea."

2. Although respondent sought, and received, additional time in which to file his response so that he could, *inter alia,* secure "the state court records necessary to respond to the instant petition," he has not included Moore's petition for appeal with his response.

3. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

seeking an appeal from the March 10, 1992 conviction, satisfied the requirements of the doctrine of exhaustion.

Petitioner has filed a motion for summary judgment, apparently arguing waiver by reason of respondent's failure to address the merits of his petition in the response filed. There is no merit to this argument. He has also filed a motion for default judgment, based upon the fact that the motion to dismiss was filed two days beyond the time provided for in the Court's order granting respondent additional time to answer or respond. Under the circumstances presented, however, default is clearly not an appropriate form of relief.

## RECOMMENDATION

Based on the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the motion of the respondent to dismiss for failure to exhaust be denied and that respondent be required to answer the petition, including in his answer a copy of the proceedings in the Circuit Court of Cabell County encompassing petitioner's plea and sentencing and any hearings held on his motion to withdraw the plea.

It is further **RECOMMENDED** that the motions of petitioner for summary judgment and for default judgment be denied.

Petitioner and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Charles H. Haden, Chief United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing § 2254 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Rec-

ommendation. Copies of objections shall be served on all parties with copies of the same to Judge Haden and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a certified copy of the same to petitioner, respondent, and all counsel of record.