Robert Herman THOMPSON, Jr.,
Appellant,

v.

C. C. PEYTON, Superintendent of the
Virginia State Penitentiary,
Appellee.

No. 12936.

United States Court of Appeals
Fourth Circuit.

Dec. 19, 1968.

No appearance of counsel.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Robert Herman Thompson, Jr., seeks a certificate of probable cause to appeal from an order of the district court (Merhige, J.) dismissing his petition for habeas corpus for failure to exhaust available state remedies.

Thompson attacks the validity of two convictions for armed robbery obtained in the Richmond, Virginia, Hustings Court on June 27, 1966. Sentences of fifteen and ten years were imposed. Thompson contends that in each of his trials he was prejudiced by the introduction of testimony concerning line-up identifications, when he had been compelled to appear in the line-ups while being held on other charges, without having been advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and without the presence of counsel as required by United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); and that in each trial he was prejudiced because witnesses for the several trials, including identification witnesses, were permitted to mingle together during the grand jury hearings and before and during the trials, which situation influenced the testimony of the witnesses. Each contention was presented in Thompson's petition for appeal to the Virginia Supreme Court of Appeals. Appeals were denied in both cases on April 26, 1967. The district court noted that Thompson had not sought state habeas corpus, which was then, and is now, available to him, and dismissed the petition in reliance on Ganger v. Peyton, 379 F.2d 709 (4 Cir. 1967).

We do not think that *Ganger*, properly read, supports the dismissal for failure to exhaust state remedies as to the first of Thompson's contentions. It is the general rule that after issues have been properly presented on direct appeal from a conviction to the highest state court to which resort may be had, a federal habeas petitioner will be deemed to have fully complied with the exhaustion requirement, since further resort to state courts may fairly be considered futile after the state's highest court has passed on the issues presented. Grundler v. North Carolina, 283 F.2d 798 (4 Cir. 1960); Edmondson v. Warden, 335 F.2d 608 (4 Cir. 1964); Massey v. Peyton, No. 11,280 memo. dec. (4 Cir., June 7, 1967). *Ganger* does not represent an exception to or an abrogation of this rule, but is an enunciation of what is meant by the requirement that the issues be "properly presented" on appeal. Under *Ganger*, a direct appeal will suffice to exhaust state remedies if the factual matters necessary for a determination of the questions presented " * * * appear on the face of the trial record without the necessity of developing the facts

\* \* \* in a supplemental proceeding." *Ganger v. Peyton*, 379 F.2d 709, 710. If the facts were sufficiently well developed at trial that the state appellate court can rule upon the issues presented without the necessity of further factual development, the issues may be considered to have been properly presented on appeal. If, on the other hand, it is necessary that an evidentiary hearing be held before a definitive ruling can be made on the merits of the issues, they are not considered to have been properly before the appellate court for decision and, therefore, it is necessary that resort be had to a collateral proceeding for proper development of the claims. In such a case, where the state provides an adequate and available method for bringing the necessary collateral attack on the conviction, *Ganger* requires that the state remedies must be pursued and utilized before a federal court will consider the merits of a habeas corpus petition in which the same contentions are raised.

In the instant case, Thompson presented both of his present contentions on appeal to the Virginia Supreme Court of Appeals. The facts necessary to a decision on his first contention, that regarding the line-ups, are contained in the transcript of his trials. Since the merits of this claim can be determined as a matter of law on the basis of already developed facts, he has exhausted his state remedies with respect to this contention in accordance with *Grundler, Edmondson* and *Massey,* supra. However, we deem it unnecessary to remand the case for further proceedings since, as a matter of law, Thompson is entitled to no relief on this claim. The absence of counsel from the line-ups does not afford him a basis for relief since the confrontations took place before the date of the decision in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926 (1967), which announced the rule requiring the presence of counsel at line-ups. The Supreme Court held in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), that the *Wade* rule would not

apply retrospectively to cases where the confrontation occurred before (June 12, 1967) the date of the *Wade* decision. In cases involving line-ups conducted before that date, the validity of the line-ups would be determined on the basis of their fairness under the "totality of the circumstances." Thompson does not contend that the conduct of his line-ups was unfair, unduly suggestive, or in any way likely to produce an unreliable result, but he does contend that his rights were violated by placing him in the line-up at all without previously giving him the *Miranda* warnings in connection with the charges relating to the line-ups. (The line-ups were conducted sometime after Thompson's arrest on unrelated charges. The record of his trial on the unrelated charges shows that he was given warnings substantially equivalent to those required by *Miranda* before he made a statement. The record of his two robbery trials here under attack does not indicate that he made any statement or was ever questioned in connection with those charges.) We think that this contention is without merit. The requirement in *Miranda* that an accused be fully warned of his right to silence, of the consequences of a statement, of his right to have appointed counsel if necessary, and to have counsel present during questioning if desired was made to prevent any eliciting of evidence of a testimonial nature from an accused without the presence of adequate safeguards to assure that he is fully aware of his right not to supply such evidence and to assure that he has available adequate means to protect this right. The reasons for requiring the *Miranda* warnings, therefore, do not apply where the police are solely in pursuit of evidence which they may constitutionally compel the accused to supply, whether or not he wishes to do so. The Supreme Court in *Wade* expressly rejected a contention that evidence secured from a line-up is testimonial in nature and is subject to the protections of the Fifth Amendment.

"We have no doubt that compelling the accused to exhibit his person for

observation by a prosecution witness prior to trial involves no compulsion of the accused to give evidence having testimonial significance. It is compulsion of the accused to exhibit his physical characteristics, not compulsion to disclose any knowledge he might have. * * * [The Self-Incrimination Clause] 'offers no protection against compulsion to submit to fingerprinting, photography, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture.' [Schmerber v. California, 384 U.S. 757, 764, 86 S.Ct. 1820, 16 L.Ed.2d 908.] None of these activities becomes testimonial within the scope of the privilege because required of the accused at a pre-trial lineup." United States v. Wade, 388 U.S. 218, 222–223, 87 S.Ct. 1926, 1930.

Where the police may constitutionally compel an accused to perform an act it is obviously not required that they warn him that he need not perform it. Such a warning would be not merely unnecessary but inaccurate. Similarly, a warning that information so obtained may be used against the accused is superfluous where he has no constitutionally protected choice in the matter of supplying it. The requirement of counsel, as discussed above, does not apply to Thompson's 1966 line-ups. Therefore, he is entitled to no relief on this ground.

■ With respect to Thompson's second contention, that the witnesses in his several trials were permitted to mingle to his prejudice, we believe that the district court properly applied *Ganger* in ruling that Thompson must first seek state habeas corpus relief before resorting to the federal courts. Although this contention, like his first, was presented to the Virginia Supreme Court of Appeals on direct appeal from the convictions, the transcript of the trials does not reveal facts on which a deter-

mination of the merits could be made. There is no indication as to where the witnesses for the various trials were during the course of each trial, whether they were separated or together, whether they discussed the cases among themselves, whether they knew or learned in any way of the contents of each other's testimony, or whether the testimony of any of the witnesses was affected by his alleged knowledge of the others' testimony. Since the facts were not sufficiently developed at trial and presented on appeal so that a determination on the merits could be made, the district court could properly invoke *Ganger* to require petitioner to resort to the available state remedy of habeas corpus before considering this contention.[1]

Accordingly, a certificate of probable cause to appeal is denied, and the appeal is dismissed.

Appeal dismissed.

---

1. We express no opinion on whether the facts alleged to have occurred constitute a ground for federal relief.