**Randall Fulton NAPIER, Petitioner,**

v.

**COMMONWEALTH OF VIRGINIA, Respondent.**

Civ. A. No. 70-C-5-C.

United States District Court, W. D. Virginia, Charlottesville Division.

May 1, 1970.

Edward J. White, Asst. Atty. Gen., Richmond, Va., for respondent.

DALTON, Chief Judge.

## OPINION AND JUDGMENT

This proceeding comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Randall Fulton Napier, pursuant to 28 U.S.C. § 2241. Said petition was filed in this court on the 24th of February, 1970 and respondent has filed a Motion to Dismiss.

Petitioner Napier is currently serving a one (1) year sentence in the Virginia State Penitentiary pursuant to a judgment of the Corporation Court of the City of Charlottesville, imposed on January 18, 1965. Napier plead guilty to a charge of burglary and was sentenced accordingly.

Respondent moves this court to dismiss the petition because the petitioner has failed to exhaust available state court remedies. A review of the petition indicates that the exhaustion requirement has not been met. Petitioner Napier affirms this in his own "Motion to Overrule", filed on the 18th of March, 1970. Also, the original petition indicates that Napier did not appeal his original criminal conviction to the Virginia Supreme Court of Appeals, nor the subsequent denial of his state habeas corpus petition.

Throughout the entire petition, Napier appears to be under the assumption that the provisions of 42 U.S.C. § 1983 govern his case. This court cannot agree.

**398**

Under the provisions of 28 U.S.C. § 2254, the federal court must consider a petition for a writ of habeas corpus in the following manner:

(A)n application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, *if he has the right under the law of the State to raise, by any available procedure, the question presented.* (Emphasis added.)

■ The above provision clearly indicates that a federal court should not consider a habeas corpus petition until the petitioner has exhausted all available state court remedies.

In Shanklin v. Peyton, 288 F.Supp. 128, 129 (D.C.Va.1968) this court said:

* * * (we) will defer passing on petitioner's allegations until he has given the state's highest court a chance to consider his petition.

Also see, Thompson v. Peyton, D.C.Va., 280 F.Supp. 210, appeal dismissed, 406 F. 2d 473 (4th Cir., 1968); Snead v. Peyton, D.C.Va., 280 F.Supp. 211 (1968). As pointed out previously, petitioner has not sought to have the Virginia Supreme Court of Appeals consider the claims that he raises before this court.

■ In light of the foregoing, it is the judgment of the court that the petition for a writ of habeas corpus be denied and dismissed without prejudice.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within thirty (30) days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk of the court is hereby directed to send a certified copy of this opinion and judgment to the petitioner and to the respondent.