Melvin Leroy **TYLER**, Appellant,

v.

Harold R. **SWENSON**, Appellee.

No. 20564.

United States Court of Appeals, Eighth Circuit.

April 2, 1971.

Rehearing Denied April 15, 1971.

---

Melvin Leroy Tyler, filed briefs pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., and Kenneth M. Romines, Jefferson City, Mo., filed briefs for appellee.

Before MATTHES, Chief Judge, Mr. Justice CLARK,* and BRIGHT, Circuit Judge.

MATTHES, Chief Judge.

Appellant was found guilty by a jury in the Circuit Court of the City of St. Louis of assault with intent to kill, and a sentence of twenty-five years imprisonment was imposed. The judgment of conviction and sentence was affirmed by the Missouri Supreme Court. State v. Tyler, 454 S.W.2d 564 (Mo. 1970).

Appellant's petition for writ of habeas corpus, filed in the United States District Court for the Western District of Missouri was transferred to the Eastern District of Missouri pursuant to 28 U.S.C. § 2241(d).

Appellant sought habeas corpus relief on two grounds: (1) that his pretrial identification by prosecution witnesses, who identified him in court as the assailant, did not comport with constitutional standards, and (2) that he was denied his constitutional right to confrontation and cross-examination of witnesses due to the introduction of hearsay evidence at his trial.

By order of September 14, 1970, the district court dismissed the petition without prejudice on the ground that appellant had not exhausted available state remedies as required by 28 U.S.C. § 2254(b). Certificate of probable cause having been granted by the district court, the case properly is here for review.

---

* The Honorable Tom C. Clark, Retired Associate Justice of the United States Supreme Court, sitting by special designation.

Appellant had never sought post-conviction relief in the state courts under Missouri Supreme Court Rule 27.26, V.A.M.R. However, he contends that the district court erred in finding that he had not exhausted state remedies, alleging that the grounds for habeas relief presented to the district court were before the Missouri Supreme Court on the direct appeal of his conviction.

Section 2254(b), Title 28, U.S.C., as amended, provides that available state remedies must be exhausted prior to the granting of federal habeas relief. This requirement is satisfied when "the same evidence and issues already decided by direct review" in the state courts are presented in the federal habeas corpus petition. Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953). Under these circumstances, it is not necessary for the prisoner to seek collateral post-conviction relief in the state courts. Edwards v. Swenson, 429 F.2d 1291, 1292 (8th Cir. 1970); Buffalo Chief v. South Dakota, 425 F.2d 271, 278 (8th Cir. 1970); Kennedy v. Sigler, 397 F.2d 556, 559 (8th Cir. 1968); Thompson v. Peyton, 406 F.2d 473, 474 (4th Cir. 1968). Indeed, in Missouri, when the *merits* of an issue have been determined on direct appeal, they will not be reconsidered in a post-conviction attack under Missouri Supreme Court Rule 27.26, V.A.M.R. State v. Durham, 416 S.W.2d 79, 84 (Mo.1967); State v. McMillian, 383 S.W.2d 721, 723 (Mo.1964).

It is clear that a pretrial identification issue, identical to that presented to the district court, was raised in appellant's direct appeal to the Missouri Supreme Court. However, that court did not reach the *merits* of the contention, because the alleged error had not been properly preserved for review. The identification testimony went to the jury without objection. There had been no pretrial motion going to this matter, nor any request at trial that the court ascertain whether the in-court identification had a source independent of the allegedly tainted pretrial identification. Thus, the state courts have never had the opportunity to pass upon this issue on the merits, and there is no indication that the refusal of the Missouri Supreme Court to reach the substantive aspects of the identification issue would in any way prevent the state courts from adjudicating the merits of appellant's contention in a post-conviction proceeding under Rule 27.26. Moreover, in order to decide this question, it may be necessary that an evidentiary hearing be conducted to develop the facts surrounding the identifications. In Thompson v. Peyton, supra, 406 F.2d at 475, the court held:

"If * * * it is necessary that an evidentiary hearing be held before a definitive ruling can be made on the merits of the issues, they are not considered to have been properly before the [state] appellate court for decision and, therefore, it is necessary that resort be had to a collateral proceeding for proper development of the claims. In such a case, where the state provides an adequate and available method for bringing the necessary collateral attack on the conviction, * * * state remedies must be pursued and utilized before a federal court will consider the merits of a habeas corpus petition in which the same contentions are raised."

Viewing the matter in this posture, we conclude that state remedies on the pretrial identification issue have not been exhausted. As we held in Barry v. Sigler, 373 F.2d 835, 838 (8th Cir. 1967):

"It is compelling that the 'federal system entrusts the states with primary responsibility' in their own criminal cases. This policy was recently affirmed by Mr. Justice Brennan, when he said:

'* * * Although relief may ultimately be denied, that the state courts should have the first opportunity to decide in the first instance is a course consistent with comity, cf. 28 U.S.C. § 2254, and a full and fair hearing in the state courts would make unneces-

sary further evidentiary proceedings in the federal courts. See *Townsend v. Sain,* 372 U.S. 293, [83 S.Ct. 745, 9 L.Ed.2d 770], * * * ' *Giles v. State of Maryland,* Feb. 20, 1967, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737."

■ We now consider whether appellant has exhausted state remedies on the claim of denial of his constitutional right to confrontation and cross-examination of witnesses due to the introduction of hearsay evidence at his trial. Prior to appellant's trial, one Gary Watkins had been convicted of assault with intent to kill based upon his participation in the same criminal episode for which appellant was being tried. At appellant's trial, Watkins was presented as a defense witness and testified that appellant was not with him on the night of the incident in question. The prosecution then offered the testimony of three police officers as evidence in rebuttal to Watkins' testimony. The officers stated that subsequent to his arrest, Watkins had told them that appellant was an active participant in the assault.

On the direct appeal of his conviction, appellant's counsel did not present for consideration the confrontation and cross-examination issue. Counsel did submit, however, in his brief and argument that the trial court erred in failing to give an instruction limiting the rebuttal testimony of the officers to an attack on the credibility of defense witnesses. The Missouri court found that the cautionary instruction was not required, because the defense had not requested such an instruction at the trial level. *State v. Tyler, supra,* 454 S.W.2d at 567–568.

In addition to the brief filed by appellant's counsel, appellant pro se filed a "Propria Persona Brief" and a "Propria Supplemental Reply Brief." In both, appellant objected to the rebuttal testimony of the police officers, asserting error in the denial of confrontation rights and also in the failure of the trial court to give a cautionary instruction. In its opinion, the Missouri Supreme Court took cognizance of the various matters raised by appellant pro se, but, with the one unrelated exception of a charge of a defective indictment, found that "appointed counsel has covered matters in those [pro se] briefs in the brief filed on behalf of appellant." *State v. Tyler, supra* at 569. Thus, it is apparent that the state court has never reached the identical aspect of the rebuttal testimony issue that appellant has raised in his federal habeas corpus petition.

In view of the ambivalent manner in which the question was raised on direct appeal, we are convinced that the Missouri courts, when squarely confronted with the issue solely in its constitutional context as it was presented to the district court, should have the first opportunity to consider and rule upon the propriety of the admission of the rebuttal testimony into evidence at appellant's trial. " * * * [W]here the federal habeas court is unable to determine unequivocally that an issue has been considered and ruled upon by the state courts, comity requires us to 'put the fact finding and law finding responsibility squarely on the [state] [c]ourts where, initially at least, it belongs.' " *Williams v. Wainwright,* 410 F.2d 144, 145 (5th Cir. 1969), cert. denied, 398 U.S. 943, 90 S.Ct. 1846, 26 L.Ed.2d 281 (1970).

Moreover, since the pretrial identification issue must first be presented to the state courts in a post-conviction proceeding, there is no point in fostering needless piecemeal litigation, when appellant may raise both of the questions presented to the district court in the same collateral proceeding in the Missouri courts.

Accordingly, the order of the district court dismissing, without prejudice, the petition for habeas corpus is affirmed.

The mandate shall issue forthwith.