**Melvin Leroy TYLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56888.**

Supreme Court of Missouri,
Division No. 1.

Sept. 11, 1972.

Motions for Rehearing or to Transfer to
Court En Banc Denied
Oct. 9, 1972.

William R. Kirby, St. Louis, Court Appointed, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

This is an appeal from denial of relief in a 27.26, V.A.M.R., motion following guilty pleas made January 18, 1965 to four charges of armed robbery on which defendant received separate sentences of eight years to be served concurrently. We have jurisdiction because the appeal was pending here on January 1, 1972, the effective date of the amendment to Sec. 3, Art. V, Constitution of Missouri, V.A.M.S.

The case is one where admittedly the trial court failed to comply with the requirements of rule 25.04.[1] The court accepted the pleas without first determining that they were made voluntarily and with understanding of the nature of the charges. So, at the 27.26 hearing, the issue was whether as a matter of fact, despite the failure to comply with rule 25.04, the pleas were made voluntarily and understandingly, State v. Mountjoy (Mo.Sup.) 420 S.W. 2d 316. Although defendant had some twelve grounds in his motion to vacate, the constitutional issues actually in dispute were whether he was aware of the possible range of punishment, whether his physical, mental and emotional condition were such that he was incapable of entering a plea of guilty voluntarily, and whether there was ineffective assistance of counsel.

1. Neither the present trial court nor appointed counsel are the same as those in the original guilty plea proceedings.

There was evidence on both sides of these issues, sufficient to meet the burden cast upon the state in the absence of compliance with rule 25.04, State v. Grimm (Mo.Sup.) 461 S.W.2d 746 and Moore v. State (Mo.Sup.) 461 S.W.2d 881 and cases there cited. On the first two issues the trial court had before it the testimony of defendant's earlier counsel against defendant's own testimony and that of a witness who was in jail with defendant near the time of the guilty pleas. On the ineffective assistance of counsel issue, it also was counsel versus defendant.

 The trial court resolved these fact issues against the defendant and denied relief except to set aside the judgment of conviction with respect to one of the four robbery charges because it appeared that as to that charge there was a case of mistaken identity, the state's witnesses, shortly after the guilty pleas, having told prior counsel there was a mistake and that defendant was not the man involved in that particular robbery. Defendant stresses counsel's failure to do anything about this at the time, saying it demonstrates ineffective assistance of counsel. As to the one robbery charge it may, but the mistake was corrected at the 27.26 hearing without harm having occurred to defendant, as he would have been confined on the first three convictions anyway, even had the plea to the fourth charge been set aside at the outset as it likely would had counsel called the situation to the court's attention. In other respects, counsel's representation, as the trial court found, was adequate, when looked at in the light of the situation as it appeared at the time the events occurred, remembering that defendant's main objective was not a trial, but disposition of all charges on as short a sentence as possible, preferably six years. Considering that defendant had prior convictions of burglary and assault, was on probation from these when the robbery offenses were committed, and with no claim to counsel of any defense on the merits (except as to the fourth charge), the result attained of eight years concurrently would be considered remarkably good by most observers.

On the record before us we cannot say the ruling of the trial court was clearly erroneous, and the judgment is therefore affirmed.

BARDGETT, Acting P. J., and JENSEN, Special Judge, concur.

HOLMAN, P. J., not sitting.