Ellis EATON, Jr., Appellant,

v.

Donald W. WYRICK, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Appellee.

No. 75–1033.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1975.

Decided Dec. 31, 1975.

Howard E. Bodney, Kansas City, Mo., for appellant.

Paul Otto, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before BRIGHT, WEBSTER and HENLEY, Circuit Judges.

WEBSTER, Circuit Judge.

Ellis Eaton, Jr., a prisoner in custody of the Missouri Department of Corrections, appeals from an order of the District Court[1] dismissing his petition for writ of habeas corpus. Eaton attacks the validity of convictions of burglary and stealing rendered upon a finding of guilt by jury in the Circuit Court of Platte County, Missouri, for which he was sentenced to two consecutive five-year terms of imprisonment. The judgment of conviction and sentence were

affirmed by the Supreme Court of Missouri. *State v. Eaton,* 504 S.W.2d 12 (Mo.1973).

Between conviction and direct appeal, Eaton filed a petition for a writ of habeas corpus in the Missouri Supreme Court, which was denied on February 22, 1972, and a federal petition for a writ of habeas corpus in the Western District of Missouri, which was dismissed without prejudice on July 26, 1972. Eaton did not file any motions for post-conviction relief pursuant to Missouri Supreme Court Rule 27.26, which is the appropriate state remedy for claims of illegal or unconstitutional imprisonment.

In this proceeding, the District Court held upon the state court record that petitioner had failed to exhaust available state court remedies with respect to those issues raised on appeal,[2] and therefore dismissed the petition without prejudice as to those issues. In this appeal, we are asked to determine (1) whether as to each such issue petitioner had exhausted state remedies, (2) whether exhaustion was excused by futility of compliance, and (3) whether the action of the Missouri Supreme Court invalidating the statute under which petitioner was convicted, subsequent to the judgment of the District Court, compels habeas corpus relief. We answer each question in the negative and affirm the judgment of the District Court.

I

28 U.S.C. §§ 2254(b) and (c), as amended, require currently available and adequate state remedies to be exhausted prior to an invocation of federal habeas

1. The Honorable William H. Becker, Chief Judge, United States District Court for the Western District of Missouri.

2. Eaton's present petition, filed on January 31, 1974, sought relief on five grounds: (1) deprivation of fair trial and due process by the failure of the state trial court to take any action with respect to allegations that the foreman of the jury was seen in private conversation with the complaining witness between court sessions; (2) deprivation of fair trial and due process by the deliberate suppression by the state of fingerprint evidence favorable to

petitioner; (3) deprivation of due process by the action of the state magistrate court in postponing the preliminary hearing for 43 days, during which period an important witness for petitioner died; (4) deprivation of equal protection by the state magistrate court's denial of petitioner's motion for a free transcript of the preliminary hearing; and (5) deprivation of Sixth Amendment rights and due process by the failure of the state magistrate court to advise petitioner of the nature and cause of the accusation. Only the first three issues are preserved in this appeal.

corpus jurisdiction.[3] This requirement is satisfied when "the same evidence and issues already decided by direct review" in the state courts are presented in the petition for federal habeas corpus. *Brown v. Allen,* 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953). *See Tyler v. Swenson,* 440 F.2d 621, 623 (8th Cir. 1971); *Buffalo Chief v. South Dakota,* 425 F.2d 271, 278 (8th Cir. 1970). The exhaustion requirement was not meant, however, to provide the state with more than one full and fair opportunity to decide a question which is properly presented to it for review. *See Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); *Irby v. Missouri,* 502 F.2d 1096, 1098 (8th Cir. 1974). State courts need not have definitively ruled on the merits of the issues raised by a petitioner seeking federal habeas corpus relief; rather, it is sufficient that the state courts have been *properly presented* with the *opportunity* to rule on the issues. *See Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Losieau v. Sigler,* 421 F.2d 825, 828 (8th Cir. 1970). An issue is properly presented on direct appeal if the factual matters necessary for its determination appear on the face of the trial record, without the necessity of developing the facts in a supplemental proceeding. *Tyler v. Swenson, supra,* 440 F.2d at 623; *Thompson v. Peyton,* 406 F.2d 473, 474–75 (4th Cir. 1968); *Ganger v. Peyton,* 379 F.2d 709, 710 (4th Cir. 1967). *Cf. Montez v. Eyman,* 372 F.2d 100, 102–03 (9th Cir. 1967). Under such circumstances, the petitioner need not pursue collateral post-conviction remedies in the state courts as a precondition

to federal relief.[4] *Tyler v. Swenson, supra,* 440 F.2d at 623; *Edwards v. Swenson,* 429 F.2d 1291, 1292 (8th Cir. 1970); *Kennedy v. Sigler,* 397 F.2d 556, 559 (8th Cir. 1968). However, failure to present the state courts properly with the opportunity to consider and rule on the merits of an issue requires that the federal habeas court place the responsibility for determination on the state courts, and dismiss the petition for failure to exhaust state remedies. *Picard v. Connor, supra,* 404 U.S. at 275–78, 92 S.Ct. at 512–13; *Tyler v. Swenson, supra,* 440 F.2d at 623–24.

With these guidelines in mind, we turn now to a consideration of the specific constitutional claims raised by petitioner.

### Juror Misconduct

A juror misconduct issue, identical to that presented to the District Court, was raised in petitioner's direct appeal to the Missouri Supreme Court. The dispute centers upon whether it was raised in a manner which effectively exhausted state remedies.

The record reveals that petitioner first raised the issue after the trial had been completed but before the jury had retired to deliberate. Defense counsel asserted to the court that the state's complaining witness had been seen in conversation with the foreman of the jury after the jurors had been selected but before they had been sworn. The trial court directed defense counsel to "[f]ile your motion properly in Court and it will be taken up at the proper time." This claim of misconduct was not asserted again until the petitioner's motions

---

**3.** 28 U.S.C. §§ 2254(b) and (c) provide:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the

courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

**4.** Indeed, Missouri Supreme Court Rule 27.26 does not allow reconsideration of issues whose merits have been determined on direct appeal. *See State v. Durham,* 416 S.W.2d 79, 84 (Mo. 1967); *State v. McMillian,* 383 S.W.2d 721, 723 (Mo.1964).

for new trial. No evidentiary hearing was requested, however, and the trial court overruled the motions following oral argument.

On direct review, the Missouri Supreme Court concluded that there had been "no showing that anything relating to the case on trial was discussed during the conversation or that any prejudice to appellant's rights resulted * * *." *State v. Eaton, supra,* 504 S.W.2d at 22.

 It is well settled that it is the duty of the trial court to hear and consider allegations of juror misconduct, in order to "determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial * * *." *Remmer v. United States,* 347 U.S. 227, 229–30, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954). The record discloses that such a hearing was not conducted by the state trial court. The state trial court thus lacked sufficient evidence upon which to determine whether prejudice resulted to petitioner in such a magnitude as to warrant a new trial. Similarly, the direct appeal on this issue lacked an adequate record upon which the Missouri Supreme Court could review the issue on the merits.

 An evidentiary hearing will be required to resolve this issue. While appellant has arguably presented his claim of juror misconduct to the Supreme Court of Missouri, we think the circumstances are such that a collateral proceeding would be permitted by the state in order to comply with the requirements of *Remmer v. United States, supra.*[5] Although we normally will determine those issues which have been exhausted in the state courts, *see Tyler v. Swenson,* 483 F.2d 611, 614 (8th Cir. 1973), we think in the unusual circumstances of this case the state courts should be accorded an opportunity to conduct an evidentiary

hearing under Rule 27.26, thus permitting a record to be made which can be reviewed under 28 U.S.C. § 2254(d), and avoiding piecemeal litigation of petitioner's claims. *See Tyler v. Swenson, supra,* 440 F.2d at 624. *Cf. Blunt v. Wolff,* 501 F.2d 1138, 1141–42 (8th Cir. 1974).

### Prejudicial Delay

 In his petition, Eaton contends that the state magistrate postponed his preliminary hearing for 43 days during which time an important witness for the defense died. Only the fact of delay was raised by petitioner in his direct appeal to the Missouri Supreme Court, which held that he had "failed to demonstrate wherein he was prejudiced by the delay."[6] *State v. Eaton, supra,* 504 S.W.2d at 20. While the death of the witness and resulting prejudice to petitioner had been alleged in a motion for new trial, these allegations were not presented to the Missouri Supreme Court on direct appeal and it thus did not have before it for review the same issue which was presented to the District Court; nor was there a factual record from which the Missouri Supreme Court could have reviewed this claim on the merits. The requirement of exhaustion was therefore not satisfied.

### Withholding Favorable Evidence

Petitioner's claim that certain exculpatory fingerprint evidence was suppressed by the state during his trial was found by the Missouri Supreme Court to be not properly before it for appellate review "for the reason that it was not assigned as error in either of the two motions for new trial." *State v. Eaton, supra,* 504 S.W.2d at 16.

 While Missouri Supreme Court Rule 27.26(b)(3) provides that mere trial errors are only the proper subject of di-

---

**5.** In respondent's brief, the Attorney General represents that Rule 27.26 relief is available because a fair trial issue of constitutional proportions is raised.

**6.** Missouri Supreme Court Rule 23.06 provides that a postponement of the preliminary hear-

ing is "not to exceed ten days at one time." The Missouri Supreme Court found the delay to be only an irregularity, however, and thus not of a nature to deprive the magistrate or circuit court of jurisdiction. *State v. Eaton,* 504 S.W.2d 12, 20 (Mo.1973).

rect appeal, and are thus not cognizable under its provisions for post-conviction relief, the rule explicitly declares that "trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal." Since the state courts have not been presented with an opportunity to pass upon this issue, and since state collateral relief procedures are amenable to the presentation of the issue, we conclude that petitioner has not satisfied the requirement of exhaustion.[7]

## II

▇▇▇▇▇ Petitioner nonetheless claims exception to the exhaustion doctrine on grounds of futility of compliance. This exception derives from a recognition that 28 U.S.C. §§ 2254(b) and (c) are based on a principle of comity rather than a technical jurisdictional limitation. While due regard for that principle requires that the state be afforded the initial opportunity to consider alleged violations of the federal constitutional rights of its prisoners, a petitioner is not required to file repetitious or futile applications in the state courts. *Wilwording v. Swenson, supra,* 404 U.S. at 250, 92 S.Ct. at 409; *Brown v. Allen, supra,* 344 U. S. at 449 n. 3, 73 S.Ct. at 403 n. 3; *United States ex rel. Condon v. Erickson,* 459 F.2d 663, 667 (8th Cir. 1972). Moreover, a petitioner should not be barred from federal relief because of the mere possibility of success in additional state proceedings. *Wilwording v. Swenson, supra,* 404 U.S. at 250, 92 S.Ct. at 409; *Rob-*

*erts v. LaVallee,* 389 U.S. 40, 42–43, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); *Austin v. Swenson,* 522 F.2d 168, 170 (8th Cir. 1975).

▇▇▇▇▇ We cannot say upon this record, however, that further resort to the courts of Missouri pursuant to Missouri Supreme Court Rule 27.26 would be futile. Petitioner's arguments based upon his past court experience fail to take into account that the state courts have not as yet been properly presented with a full and fair opportunity to pass on the merits of his specific claims for relief. Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile. No such manifestation is shown on this record, and petitioner's contention must be rejected.

## III

Before this Court petitioner contends for the first time that his consecutive sentences should be vacated due to the recent holding in *State v. Baker,* 524 S.W.2d 122 (Mo.1975), declaring unconstitutional the statute under which they were imposed.[8] This holding, however, post-dated the state proceedings and the decision of the District Court.

▇▇▇▇▇ Prior to seeking relief in the federal courts, petitioner is required to present the newly created claim in the state courts.[9] *Cf. Picard v. Connor, su-*

---

7. In *Losieau v. Sigler,* 421 F.2d 825, 828 (8th Cir. 1970), this Court stated that the exhaustion requirement "need not be mechanically applied where the state court, for procedural reasons, has once refused to pass upon the merits of the question." However, the decision not to require exhaustion in that case was based on the fact that the district court had already held a full evidentiary hearing, and thus that "it would be a waste of judicial machinery to require a second evidentiary hearing by another court which exerts only concurrent jurisdiction." *Id. See also Austin v. Swenson,* 522 F.2d 168, 170 (8th Cir. 1975).

8. Section 546.480, R.S.Mo.1969, effectively provided that consecutive sentences were required to be imposed on any criminal defend-

ant who was convicted of at least two offenses before he was sentenced for either offense. The Missouri Supreme Court ruled in *State v. Baker,* 524 S.W.2d 122 (Mo.1975), that the statute proposed an irrational classification of unequal treatment for different defendants without any legitimate state purpose and that it therefore violated equal protection. We express no view on the correctness of this holding insofar as it rests on an interpretation of the Fourteenth Amendment.

9. Unlike the situations in *Francisco v. Gathright,* 419 U.S. 59, 95 S.Ct. 257, 42 L.Ed.2d 226 (1974), and *Roberts v. LaVallee,* 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), petitioner here has not previously presented the federal constitutional issues raised by the statute in a

*pra*, 404 U.S. at 276–77, 92 S.Ct. at 513; *Wright v. Maryland Penitentiary*, 429 F.2d 1101, 1104–05 (4th Cir. 1970); *United States ex rel. Walker v. Fogliani*, 343 F.2d 43, 46–48 (9th Cir. 1965); *Blair v. California*, 340 F.2d 741, 744 (9th Cir. 1965). He is free to do so.

We therefore affirm the judgment of the District Court, without prejudice to petitioner's right to reapply for federal habeas corpus relief in the event jurisdiction is refused by the state court in an appropriate 27.26 motion for collateral relief.

state forum. Moreover, while a subsequent change in the law may render federal habeas corpus review of a waiver of a valid constitutional claim appropriate, see, e. g., *United States ex rel. Allum v. Twomey*, 484 F.2d 740, 743 (7th Cir. 1973), such a contingency is not such an exceptional circumstance as to warrant disregard of the exhaustion requirement of 28 U.S.C. § 2254(b) when the issue has never been presented in a state forum.