**Melvin Leroy TYLER, Appellant.**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.**

**No. 75–1085.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1975.

Decided Jan. 6, 1976.

Rehearing and Rehearing En Banc Denied Jan. 30, 1976.

---

Michael A. Gross, Clayton, Mo., for appellant.

Robert Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

The critical issue in this habeas corpus appeal, brought under 28 U.S.C. § 2254, is whether petitioner is entitled to have his state court sentence reconsidered because the state trial court considered an invalid robbery conviction in imposing sentence. We find that petitioner Melvin Leroy Tyler has failed to exhaust his available state remedies with regard to this issue.

Petitioner was found guilty in 1969 by a jury in the Circuit Court of the City of St. Louis of assault with intent to kill, and a sentence of 25 years was imposed. The state sentencing court applied the Missouri second-offender statute, *Mo. Ann.Stat.* § 556.280. The judgment of conviction and sentence was affirmed by the Missouri Supreme Court. *State v. Tyler,* 454 S.W.2d 564 (Mo.1970). Tyler then filed a petition for writ of habeas corpus seeking to set aside his conviction and sentence. This court ultimately upheld the district court's dismissal of the petition on the ground that petitioner had not exhausted available state remedies. *Tyler v. Swenson,* 440 F.2d 621

(8th Cir. 1971). To satisfy the exhaustion requirement, Tyler filed a motion in state court pursuant to Missouri Supreme Court Rule 27.26. The Missouri Court of Appeals eventually denied relief. *Tyler v. State,* 501 S.W.2d 189 (Mo. App.1973). Petitioner then filed a new petition for writ of habeas corpus. The district court,[1] however, adopting the opinion of the federal magistrate, dismissed the petition on the merits without a hearing. Tyler appeals from the district court's later denial of his motion to vacate its judgment of dismissal.

Petitioner raises four issues for review. We discuss only one issue: whether Tyler is entitled to have his 1969 sentence reconsidered because the trial court considered an invalid 1965 robbery conviction in imposing sentence. We have thoroughly examined the remaining issues raised by petitioner and find them to be without merit.[2]

In imposing sentence on petitioner, the trial judge was aware that Tyler had undergone four 1965 robbery convictions. One of these four convictions has subsequently been vacated by the Missouri courts. *See Tyler v. State,* 485 S.W.2d 102 (Mo.1972). Apparently, this improper conviction resulted from a case of mistaken identity since witnesses later admitted that Tyler was not the man involved in that particular robbery. *Id.* at 104. Petitioner attacks the validity of his sentence and alleges that the state sentencing judge relied on the invalid 1965 robbery conviction in assessing his punishment. *See United States v. Tucker,* 404 U.S. 443, 446–49, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

The federal district court, in an unreported opinion, concluded that Tyler's sentence could not have been enhanced by the one conviction which was overturned since the Missouri second-offender statute, *Mo.Ann.Stat.* § 556.280, requires only one prior conviction and Tyler still had three other uncontested convictions. The district court stated that resentencing would be pointless because petitioner's record would not appear in a dramatically different light.

Respondent concedes that one of petitioner's prior convictions has been vacated, but contends that Tyler has failed to exhaust his available state remedies with regard to this claim. Petitioner did not include the enhancement issue in his post-conviction relief motion filed in the state court under Missouri Supreme Court Rule 27.26. Evidence concerning the 1965 robbery convictions, including the fact that one conviction had been set aside, was introduced in the state court hearing on the Rule 27.26 motion. Although evidence relating to the invalid conviction was before the court, it is clear that the issue itself was not properly presented.[3] Petitioner subsequently included the issue in his pro se appellate brief, but the Missouri Court of Appeals did not consider the issue.[4] In summary, respondent asserts that peti-

---

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

2. These issues are:

 1) Whether the trial court's factual determination is fairly supported by the record in view of the admission of allegedly perjured testimony against petitioner;

 2) Whether petitioner was denied due process of law because the trial court allegedly admitted improper identification testimony against him;

 3) Whether petitioner was denied effective assistance of counsel.

3. Petitioner attempted to raise the issue by means of a post-trial motion. As respondent aptly points out, however, this motion was untimely since it was not filed until after the trial court had rendered its findings of fact and conclusions of law. Issues not raised in the pleadings shall be treated as if they had been raised when the issue has been tried with the consent of the parties. *Vidauri v. State,* 515 S.W.2d 562, 567–68 (Mo.1974). A review of the record does not reveal that the issue was tried with the consent of the parties. Accordingly, we conclude that petitioner's post-trial motion did not properly raise the enhancement issue.

tioner should be required to file a second Rule 27.26 motion in order to provide the Missouri courts with an opportunity to rule upon the enhancement issue.

 Available state remedies must be exhausted prior to the granting of federal habeas relief. 28 U.S.C. § 2254 (b). This requirement is satisfied when issues presented in a habeas corpus petition are presented to the state courts for direct review. *Brown v. Allen,* 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953). If an issue has not been determined on direct appeal in the state courts, it is necessary for a prisoner to seek available collateral post-conviction relief in the state courts. *Tyler v. Swenson,* 440 F.2d 621, 623 (8th Cir. 1971). Petitioner has not properly sought review of the specific issue in this case on direct review or collateral attack in the Missouri state courts. It is necessary, therefore, for the state court to have an opportunity to adjudicate the merits of petitioner's contention in a post-conviction proceeding under Rule 27.26. *Cf. Irby v. Missouri,* 502 F.2d 1096, 1097–99 (8th Cir. 1974). We conclude that state remedies have not been exhausted.

 The federal courts should entrust the states with primary responsibility in their own criminal cases. *Barry v. Sigler,* 373 F.2d 835, 838 (8th Cir. 1967). When a federal court is unable to determine unequivocally that an issue has been considered and ruled upon by the state courts, comity requires that the initial determination of the issue be made by the state courts. *Fay v. Noia,* 372 U.S. 391, 420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Tyler v. Swenson,* 440 F.2d 621, 624 (8th Cir. 1971).

The district court's denial of habeas corpus relief is affirmed. However, petitioner may pursue the enhancement issue in the state courts.

---

4. Findings and conclusions by a trial court are a necessary prerequisite to appellate review in Missouri. *Thomas v. State,* 465 S.W.2d 513, 515 (Mo.1971). Issues not raised in a 27.26 motion cannot be considered for the first time on appeal. *Harkins v. State,* 494 S.W.2d 7, 14 (Mo.1973).