**Marshall MEEKS, Plaintiff,**

v.

**W. R. VERMILLION, Chairman, and F. N. Sturm and Dick Moore, Members, Missouri Board of Probation and Parole, Defendants.**

**No. 77–0540–CV–W–4–R.**

United States District Court,
W. D. Missouri, W. D.

Feb. 13, 1978.

---

198

Marshall Meeks, pro se.

Paul Robert Otto, Chief Counsel, Criminal Division, Jefferson City, Mo., for defendants.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

Plaintiff, presently confined at the Missouri Training Center for Men, Moberly, Missouri, has filed a *pro se* complaint challenging defendants' practices, regulations and procedures for denial of parole. The complaint is filed on the Court's standard Civil Rights Act complaint forms.

Plaintiff asserts that defendants, who are the members of the Missouri Board of Probation and Parole, have consistently violated rules they promulgated pursuant to Missouri statutes. In short, the complaint alleges that

(1) The Board gathers no information on inmates, but relies only on information contained in an inmate's institutional file, supplemented only by occasional reports by third persons. There is no organized way to insert material in or remove it from a file, and no way to test the accuracy, relevancy or bias of what is contained there. File material is therefore haphazard and arbitrary.

(2) Inmates have no access to their files and cannot rebut information there.

(3) Plaintiff was not advised of the standards used to make the parole decision or about how to act in order to secure parole in the future.

(4) Though plaintiff served more than the statutory minimum for parole, he was denied release on the basis of arbitrary, subjective, and unarticulated standards.

(5) Plaintiff was denied due process and equal protection because (a) the reason given for denial of parole was vague, ambiguous, and conclusory; (b) parole was denied solely because plaintiff had not served sufficient time on his sentence; and (c) the Board denied parole on the basis of plaintiff's past record and any derogatory information in the parole file and disregarded plaintiff's institutional record and progress.

Plaintiff seeks a declaration that his parole proceedings violated due process and equal protection; he also seeks an injunction prohibiting defendants from denying inmates due process at parole proceedings. Most importantly, plaintiff asks the Court to order reconsideration of his parole in accord with due process standards to be set out in its injunction. No damage award is sought.

In *Kelsey v. Minnesota,* 565 F.2d 503 (8th Cir. 1977), the Eighth Circuit stated:

> If a state prisoner challenges the fact or duration of his confinement and seeks a speedier release, his sole federal remedy is a writ of habeas corpus, with its concomitant requirement of exhausting state remedies. . . . Kelsey's claims attacking the [validity of the] guidelines and procedures employed by the Minnesota Parole Board are claims that would result in a speedier release from the state penitentiary if the allegations proved true and the relief requested were granted.

*Id.* at 505. The Court ruled that Kelsey's claims in this regard must be dismissed for failure to exhaust state remedies.

▉ *Kelsey* is controlling law in this case. Accordingly, all claims in the complaint challenging the actual denial of plaintiff's parole must be construed as arising under habeas corpus, particularly in view of his request that defendants be ordered to conduct a new parole hearing in this case. Because plaintiff does not allege that he has presented Missouri appellate courts with a fair opportunity to rule on these release-related claims, he has not exhausted state remedies; *see, e. g., Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1972). These claims must therefore be dismissed.[1]

▉ Petitioner's due process claims must be dismissed for a second, independent reason. In *Williams v. Missouri Board of Probation,* No. 74–CV–125–W–2, 444 F.Supp. 473 (W.D.Mo., January 18, 1978), plaintiffs, the class of all Missouri prisoners "who are presently or in the future will be subject to the jurisdiction of the Missouri Board of Probation and Parole and who are being or will be brought before that Board for a parole release hearing," raised claims challenging the Board's rules, practices and procedure in parole cases. The Court specifically rejected plaintiffs' claims and held that due process protection did not apply to the Parole Board's decision to grant or deny parole. Plaintiff is obviously a member of the *Williams* class, and examination shows that the claims raised in this case are precisely congruent with a number of the claims rejected in *Williams.* Given these facts, the Court must rule that this case was mooted by the decision in *Williams.* These claims will be dismissed on that basis.

For each of the reasons stated above, it is

---

1. This case is one of several attacking the procedure and decisions of the Board of Probation and Parole; all of these cases are virtually identical, and it seems likely that all were prepared by one person or group. In one of these cases, *Dethrow v. Vermillion,* No. 77–4125–CV–C, plaintiff contended that state judicial remedies were inadequate because plaintiffs in *Williams v. Missouri Board of Probation, infra,* were unsuccessful in their attempts to obtain state court review of their claims. Defendants responded to this claim in a pleading submitted in the *Dethrow* case on January 27, 1978:

> Plaintiff mentions the cases of *Williams v. Vermillion,* . . ., *Theobald v. Vermillion,* . . ., and *Shield v. Vermillion,* . . .. No appeals were taken in the *Shields* or *Williams* cases and the appellant's assertion that the Kansas City Court of Appeals refused to take jurisdiction in the *Theobald* case is incorrect. The [Court of Appeals] granted special permission for an appeal out of time in the *Theobald* case. However, at the insistence of the petitioner of that case the appeal was withdrawn. Therefore, there has never been an appellate decision in the State of Missouri as to the correctness of the . . . judgments [of the Circuit Courts denying review of Board decisions.]

Documents submitted by defendants in *Dethrow* amply support that contention.

In view of the foregoing, and the expressly stated willingness of the Missouri Supreme Court to grant habeas corpus review of the conditions of a prisoner's confinement, *McIntosh v. Haynes,* 545 S.W.2d 647 (Mo.1977), this Court cannot find that exhaustion of state remedies in this case would be futile. *See Eaton v. Wyrick,* 528 F.2d 477, 482 (8th Cir. 1975). Accordingly, presentation of plaintiff's habeas corpus claims at this time is premature.

ORDERED that this complaint, provisionally filed pursuant to the standard practice of this Court, should be and it is hereby dismissed.