Ronald DRAKE, Appellant,

v.

Donald W. WYRICK, Warden, Appellee.

No. 80–1476.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1980.

Decided Feb. 18, 1981.

Rehearing Denied March 30, 1981.

James C. Jones, St. Louis, Mo., for appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, Circuit Judge, GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

On October 11, 1973, Ronald Drake was convicted in the Circuit Court of the City of St. Louis, Missouri, of murder in the first degree. He was sentenced to life imprisonment; that judgment was affirmed on direct appeal. *State of Missouri v. Drake*, 518 S.W.2d 335 (Mo.App.1975). Drake also petitioned unsuccessfully for post-conviction relief under Missouri Supreme Court Rule 27.26. *Drake v. State of Missouri*, 582 S.W.2d 711 (Mo.App.1979).

In this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, Drake alleges (1) the existence of newly discovered evidence, (2) that he was denied effective assistance of counsel at trial, and (3) that his constitutional right to testify in his own defense was needlessly "chilled" by the prospect of impeachment by evidence of prior convictions. The District Court[1] dismissed Drake's petition upon the Report and Recommendation of a United States magistrate. We affirm the District Court.

The Missouri Court of Appeals described the State's trial evidence as follows:

The essence of the state's evidence was that the appellant met two men, Simms and Selvage, on the day of the homicide and spent the afternoon in their company. Late in the afternoon the trio visited the residence of one Newton, who allegedly owed Simms some money. They encountered the victim [Eugene Westmoreland] while there, and the victim joined their party as they left in an automobile driven by Simms. The victim sat in the front passenger's seat, with appellant directly behind him. As the foursome proceeded to the residence of a Bar-

bara Smallwood at appellant's request, appellant shot the victim. When the victim fled the car, appellant pursued him and fired several more shots. Appellant then had to run to catch up to the car, which was proceeding slowly down an alley. A young woman who heard the shots saw an unidentified man running after a car in that alley following the gunfire. When asked later why he had shot the victim, appellant told Simms that the victim had testified against him "back about '64 or '65."

At the original trial both Simms and Selvage testified essentially as outlined above. Both had criminal records. Appellant, who also had an extensive criminal record, did not take the stand in his own defense.

*Drake v. State of Missouri*, 582 S.W.2d at 712–13.

## I.

Petitioner's first claim on this appeal is that he is entitled to habeas corpus relief on the basis of newly discovered evidence. The claim of newly discovered evidence relevant to the guilt of a state prisoner is generally not a ground for relief on federal habeas corpus. *Mastrian v. McManus*, 554 F.2d 813, 822 (8th Cir. 1977), *cert. denied*, 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099 (1977). To be a basis for relief, "such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a State prisoner is not a ground for relief on federal habeas corpus." *Townsend v. Sain*, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1962). The evidence which petitioner claims here as warranting relief must be viewed with this standard in mind.

The new evidence offered by petitioner consists of testimony, presented at the hearing on petitioner's Rule 27.26 motion, by a LaVaughn Farmer, that on the evening of the shooting Earl Simms told

---

1. The Honorable Edward L. Filippine, United States District Judge, Eastern District of Missouri.

him that Drake had not committed the crime and had not been in the car when the shooting took place. Farmer said he had told police about the statement during their investigation but had not told Drake until a year later. At the same hearing, the state introduced evidence that Farmer did not tell the police about the alleged statement by Simms, that he came forward with the statement only after encountering Drake at the penitentiary, and that Farmer had an extensive criminal record. The hearing judge determined that Simms did not tell Farmer that petitioner was innocent of the murder, and that Farmer did not give such alleged information to the police. These findings are entitled to a presumption of correctness under 28 U.S.C. § 2254(d).

We fail to see how Farmer's testimony, even if it were deemed credible, bears upon the constitutionality of Drake's detention. *See Townsend v. Sain*, 372 U.S. at 317, 83 S.Ct. at 759. The newly-discovered evidence at issue here consists of an uncorroborated assertion by a fellow inmate of the petitioner that one of the state's witnesses told him a version of the crime different from the one the state's witness offered at trial. We cannot conclude that such evidence would "probably produce an acquittal on retrial." *Mastrian v. McManus*, 554 F.2d at 823. For the foregoing reasons, the petitioner's first ground for relief is denied as without merit.

## II.

■ Petitioner's second claim of error is that he was denied due process because he had ineffective assistance of counsel. It is well settled that to prevail on a claim of ineffective assistance of counsel, a defendant must show "that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby." *United States v. Hood*, 593 F.2d 293, 297 (8th Cir. 1979); *United States v. Easter*, 539 F.2d 663, 666 (8th Cir.), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1976). Petitioner bears a heavy burden of proving

such prejudice resulted from alleged ineffective assistance of counsel. *Witham v. Mabry*, 596 F.2d 293, 298 (8th Cir. 1979); *Morrow v. Parratt*, 574 F.2d 411, 413 (8th Cir. 1978); *Johnson v. United States*, 506 F.2d 640, 645 (8th Cir. 1974).

■ The petitioner claims that his trial counsel failed under the above standard in four respects: (1) he failed to arrange for the testimony of a witness who would testify regarding petitioner's alibi defense; (2) he failed to make an investigation as to the alleged motive for the offense; (3) he failed to advise petitioner to testify in his own defense; and (4) he failed to perform effectively on the record as a whole. The same assertions were presented to and rejected by the state court in Drake's Rule 27.26 motion.

Petitioner asserts that he had a valid alibi defense to the charge against him. Specifically, he alleges that he was not present when the victim was shot, but instead was in the company of one Barbara Smallwood at her home. He further asserts that he told his appointed counsel about his alibi defense and asked to have Ms. Smallwood testify at his trial. At petitioner's Rule 27.26 hearing this account was disputed by petitioner's trial attorney. The attorney testified that he had no reason whatsoever to believe that Smallwood's testimony would be relevant or useful, as petitioner had never told him at any time that Smallwood was a possible alibi witness, nor had petitioner even told his attorney where he claimed to have been at the time of the murder or suggested the names of any witnesses. The state court found that the petitioner "did not request his defense attorney to get Barbara Smallwood to testify in his behalf." The state court's finding was adopted in the District Court's opinion below.

■ Where a petitioner has received a full and fair hearing of his claim in state court, the factual findings reliably and specifically made by that court are presumed to be correct. 28 U.S.C. § 2254(d); *Franklin v. Wyrick*, 529 F.2d 79 (8th Cir. 1976). *See Cuyler v. Sullivan*, 446 U.S. 335, 100

S.Ct. 1708, 64 L.Ed.2d 333 (1980). We have found nothing in the record to demonstrate that the evidentiary hearing on this factual issue was anything less than "full and fair" and we affirm the District Court's ruling that the state court's finding is supported by substantial evidence.

Petitioner alleges that his defense counsel failed to investigate and contest the state's evidence regarding his motive for the killing. At trial, Earl Simms testified that petitioner told him two days after the murder that he had killed the victim because the victim had testified against him in 1964 or 1965. Petitioner, at his Rule 27.26 hearing, averred that he asked his counsel before trial to introduce the court records of his prior convictions to show that the victim had never testified against him. Petitioner alleges that counsel never investigated the matter and did nothing to refute Simms's testimony regarding Drake's motive. Petitioner's trial attorney testified at the Rule 27.26 hearing that he did not know the content of Simms's testimony until the time of trial, that he then checked the records of petitioner's prior convictions, and that he made a tactical decision not to introduce petitioner's criminal record to rebut the testimony regarding motive. The hearing court made the following findings of fact:

> Movant's trial counsel did not know until time of trial that Earl Roosevelt Simms would testify that movant committed the homicide because the victim had testified against movant in prior criminal cases.
>
> Movant's counsel, upon learning of Simms' evidence, did search court files to determine whether or not this was true but could find nothing to prove or disprove Simms' testimony. Moreover, movant's counsel's tactical trial conclusion was that it would have harmed movant's case to bring his various files before the jury.

■ Again, these factual findings are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *Townsend v. Sain*, 372

U.S. at 317, 83 S.Ct. at 759. Petitioner has not overcome this presumption. Furthermore, when trial counsel makes a choice of defenses as a matter of trial strategy, even if that choice proves to be ineffective, it does not without more sustain a finding of ineffective assistance of counsel. *See United States v. Rhoads*, 617 F.2d 1313, 1319 (8th Cir. 1980); *Catches v. United States*, 582 F.2d 453, 457 (8th Cir. 1978); *Reynolds v. Mabry*, 574 F.2d 978, 979 (8th Cir. 1978); *United States v. Bad Cob*, 560 F.2d 877, 881 (8th Cir. 1977).

Petitioner's next assertion is that he is entitled to habeas relief because his trial counsel failed to advise him to testify in his own defense. Petitioner argues that his failure to testify resulted in a total lack of evidence to support his defense to the state's case. He further asserts that he wanted to testify but that his counsel advised him not to take the stand. His counsel testified, however, that petitioner affirmatively chose not to testify, and that as counsel he concurred in petitioner's decision because of the prior convictions and petitioner's inability to account for his whereabouts at the time of the murder.

The hearing court found, after considering the testimony of the petitioner and his trial counsel, that Drake himself decided not to testify in his own defense at trial and that his counsel concurred in the decision because of the defendant's prior record [2] and "because Drake couldn't give a good account of his movements at the time of the incident."

Again, petitioner has failed to overcome the presumption of correctness in the above findings. 28 U.S.C. § 2254(d). And, again, the decision as to whether Drake should have testified at his trial was clearly a matter of trial strategy, and the resolution of that decision is not a ground for a finding of ineffective assistance.

■ Finally petitioner asserts that, on the record as a whole, trial counsel performed ineffectively. Though it appears

---

**2.** Petitioner's record contains convictions for possession of a potent drug, sale of narcotics, burglary (three convictions), and shooting into a dwelling.

that this claim was not raised in petitioner's habeas corpus petition or in any pleading before the District Court, it is largely based on the previous three allegations of ineffectiveness and it may be disposed of here. Due process does not require errorless counsel. It does not require the absence of mistakes in judgment at trial, when viewed in hindsight. Due process embodies the notion of fundamental fairness. Petitioner has failed to establish, on the record as a whole, any denial of fundamental fairness or lack of reasonably competent and effective assistance of counsel.

### III.

 The third and final claim raised by petitioner is that the prospect of impeachment by evidence of prior convictions on cross-examination chilled his constitutional right to testify in his own defense.[3] Petitioner did not assert this claim at trial, on the direct appeal from his conviction, or in his post-conviction Rule 27.26 motion. He attempted to raise the claim for the first time on the appeal from the denial of his post-conviction motion. The Missouri Court of Appeals refused to pass on it. Under Missouri law, appellate review of a Rule 27.26 motion is limited to the claims raised in the motion. *See Tyler v. Swenson,* 527 F.2d 877, 880, n.4 (8th Cir. 1976), *cert. denied,* 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766 (1976).

Petitioner has not raised the instant claim in a manner in which it could be reviewed by the Missouri appellate courts and has failed to exhaust his available state remedies. It is necessary for the state court to have an opportunity to adjudicate the merits of petitioner's contention.

The federal courts should entrust the states with primary responsibility in their own criminal cases. * * * [C]omity requires that the initial determination of [this] issue be made by the state courts.

*Fay v. Noia,* 372 U.S. 391, 420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Tyler v. Swenson,* 440 F.2d 621, 624 (8th Cir. 1971). *Tyler v. Swenson,* 527 F.2d at 880.

Each of petitioner's claims for relief on which he has exhausted his available state court remedies is without merit. The District Court's denial of habeas corpus relief is therefore affirmed.

---

**3.** Mo.Ann.Stat. § 491.050 (Vernon) provides the following:

Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer.